# THE TALLAHASSEE RAILROAD COMPANY, APPELLANTS, vs. HAYWARD AND WALKER, APPELLEES.

The act of February 10th, 1832, which requires an appellant to file a true copy of the proceedings in a cause in the Circuit Court with the Clerk of the Supreme Court on or before the first day of the next succeeding term thereof, is imperative in its terms, and makes it the duty of the Supreme Court to dismiss the appeal upon an application based upon the certificate of the Clerk of the Court below that an appeal has been obtained and a bond given.

Motion to dismiss appeal from judgment of the Circuit Court of the County of Leon, on the ground that the transcript of the record of the proceedings of the Court below had not been filed with the Clerk of this Court as required by law.

*Archer*, for motion, cited Thomp. Dig. 448, and contended that the Court had no discretion, and that the appeal should be dismissed.

*Baltzell*, for appellants, resisted the motion.

SEMMES, *Justice*, delivered the opinion of the Court.

The appellees move the Court to enter this cause on the docket, and dismiss the appeal for want of prosecution. Though the question presented is one purely of practice arising under our statute, yet the Court deems it of sufficient importance to accede to the request made by counsel, and deliver its opinion in writing.

In aid of their motion, the appellees exhibit to the Court a certificate from the Clerk of the Court below that an appeal had been taken, and bond given as required by law.

This application is predicated on the following statute: "It shall be the duty of the party appellant to demand "from the Clerk a true copy of all the proceedings in such "cause in the Circuit Court, and file said copy with the

" Clerk of the Supreme Court on or before the first day of " the next succeeding term thereof," &c.   A subsequent part of this statute also provides that " if the party ap- " pellant fail to file the proceedings as aforesaid, it shall " be the duty of the said Court, unless good cause be " shown, to dismiss said appeal, on the adverse party pro- " ducing a certificate from the Clerk of the Court below " that an appeal has been obtained, and a bond given as " aforesaid."   Thomp. Dig. 448, § 1.

By reference to this certificate, it appears that the appeal in this cause was taken on the 10th of November, 1851, during vacation, from a judgment of the Circuit Court of Leon County.

It is conceded in argument that no notice of the appeal has been given to the adverse party, and it is not pretended that a copy of the record was filed with the Clerk of this Court on the first day of the term, as required by the statute.

The construction which the Court has given this statute is, that it is the imperative duty of the Court to dismiss an appeal upon an application based on a production of the certificate, unless the party in default shows some good cause for not having complied with the provisions of the statute.

It is a penalty which an appellant subjects himself to on failing to prosecute his cause—a penalty imposed by law, and over which this Court has no discretion.   This construction, which the Court has been constrained to give, is the only one which, in its opinion, the words of the statute are susceptible of, and it seems too manifest to admit of discussion.

No reason is assigned by counsel for appellants, why the record was not filed in this Court at the commencement of the term, except the fact informally presented, that at the

time, or shortly after the appeal was taken, the President of the Railroad Company was temporarily absent from Leon County. This statement, unsupported by affidavit, being objected to by the adverse party, cannot influence the judgment of the Court. But conceding to it all the weight it could be entitled to if formally presented, it constitutes no excuse for the default in this case.

It is insisted by counsel for appellants that the Court should regard this application as purely technical in its character, and calculated to defeat the ends of justice; and that the adverse party cannot be prejudiced by denying their motion, and docketing the case for trial at this term. If reference is had solely to the merits of the cause, the objection may be considered as technical, and so may be considered every condition, imposed by law, to the exercise of the right of appeal, but it is none the less our duty to enforce these terms and conditions, when our judgment is invoked by the adverse party; and, in the opinion of the Court, the ends of justice can only be attained by administering the law as we find it. A departure from this principle would be to assume a discretion where none is given, and substitute our own terms to the right of appeal, for the fixed and well defined rules prescribed by the Legislature.

Some stress has been given to the fact that the motion to file the record and go into trial, is made simultaneous with the motion to dismiss. The Court is at a loss to know how this cures the default, or places the appellants in any better position than if they had made no motion : for, having incurred the penalty, it is at best but an appeal to the opposite counsel, and not an argument for the consideration of the Court.

If we relax the rule in this case without cause, upon what principle could we refuse the application to file the record

JANUARY TERM, 1852. 401

Tallahassee R. R. Co. *vs.* Hayward & Walker.—Opinion of Court.

if made on the last day of the term ? Surely not upon the ground that the party in default offers, as in this case, a trial to his adversary. In either event, the adverse party would be prejudiced by being forced into trial, without notice and without preparation, or by a continuance, have the execution of their judgment suspended. By denying this motion, we would compel the appellees to adopt one or the other of these alternatives. This we have no power to do.

Let the appeal be dismissed.

THOMPSON, *Justice,* was understood to dissent from the judgment of the Court, and to place his dissent on the following grounds : That the statute did not direct the appeal should be peremptorily dismissed, but vested a discretion in the Court to relieve the appellant from that penalty, upon good cause shown. The Legislature evidently intended not only to put within the power of respondent, in cases where the appeal was frivolous and entered merely for delay, a summary and speedy remedy, instead of the old common law remedy of a *scire facias quare executionem non,* but to make the fact of such omission by the appellant to file the transcript of the record by the first day of term, presumptive evidence of the frivolousness of the appeal. Whatever therefore will remove or repel this presumption, is good cause upon which the Court can and ought to exercise the discretion vested, and relieve the party from the consequence of his *laches.* As in this case, where the transcript of the record is brought in by the appellant, before the appeal is actually dismissed, and he moves to docket it for trial, the presumption of frivolity, or the intent to create delay merely, is, *pro hac vice,* repelled, and *his* motion ought to prevail over the motion to dismiss.

He further observed that, if the transcript of the record

should be brought in by the appellant so late as to preclude a disposition of the case at the term to which the appeal is returnable, or it should otherwise be made to appear that the respondent would be prejudiced, the Court, in the exercise of its sound and just discretion, could and ought to impose the penalty provided by the statute. The whole matter was lodged in the discretion of the Court; and it was always competent, while the rights of the adverse party were duly respected, to relieve the appellant from a mere technical point, in which the merits of the case were not involved, and thus dispense full and equal justice.