Cornelius Rain vs. James T. Thomas—Syllabus.

CORNELIUS RAIN (IMPLEADED WITH STEPHEN McCALL AND WILLIAM STRICKLAND,) APPELLANT, VS. JAMES T. THOMAS, APPELLEE.

1. It is the imperative duty of the court to dismiss an appeal upon an application based on the production of the certificate of the clerk of the circuit court that an appeal has been obtained and a bond given, the copy of the proceedings in the court below not being filed, unless the party in default shows some good cause for not having complied with the statute.

2. What is "good cause" for an omission to file a copy of the record of proceedings with the clerk of the Supreme Court, after taking an appeal, is matter to be addressed to the sound discretion and judgment of the court.

3. Neglect to file the proceedings of the circuit court because the appellant or his counsel had reason to believe that no causes would be heard at the commencement of the term, is not "good cause" for the omission, the law requiring the appellant to file the papers with the clerk of the Supreme Court on the first day of the term.

Appeal from Alachua Circuit Court.

This was a motion to dismiss the appeal upon the ground that the appellant had failed to file a copy of the proceedings in the cause with the clerk of this court on or before the first day of the term as required by law. The facts appear in the opinion.

*J. B. Dawkins* for the motion.

*Wilk. Call* against the motion.

RANDALL, C. J., delivered the opinion of the court:

At the last January term the appellee, by his attorney, presented a certificate of the clerk of the circuit court that an appeal had been obtained in this cause, and a bond given upon taking the appeal, and upon this certificate made a motion to dismiss the appeal, the record not having been filed on the first day of the term of this court next succeeding the taking of the appeal. By an indorsement upon the record, it appears that the appeal bond was filed on the 29th November, 1868, and approved by the clerk. The next ensuing term of this court commenced January 12th, 1869, being more than thirty days after taking the appeal.

The statute relating to the subject provides, " it shall be the duty of the party appellant to demand from the clerk a true copy of all the proceedings in such cause in the circuit court, and file said copy with the clerk of the Supreme Court on or before the first day of the next succeeding term thereof," * * * and that " if the party appellant fail to file the proceedings aforesaid, it shall be the duty of the court, unless good cause be shown, to dismiss said appeal on the adverse party producing a certificate from the clerk of the court below that an appeal had been obtained and a bond given as aforesaid."

Under this statute it is the duty of this court to dismiss the appeal, unless cause is shown to the satisfaction of the court for the omission, upon the filing the certificate mentioned, if the copy of the proceedings of the circuit court have not been filed pursuant to law. The statute is so plain in its provisions that it scarcely requires an interpretation beyond a simple repetition of its own language. The court has no discretion to refuse to dismiss an appeal on the production of the certificate of the clerk of the circuit court, when the copy of the record has not been filed as required, except to determine upon the sufficiency of the cause shown; and no discretion whatever if no cause be shown. The law prescribes the mode and time of taking ap--

peals, and the court cannot enlarge the time or change the mode. It prescribes the manner of bringing appeals before the court, and the court cannot change the methods thereof.

It is considered that the Supreme Court in the case of the Tallahassee Railroad Company vs. Hayward & Walker, 4 Fla., 398, gave a correct construction to this statute and its design and purpose. In that opinion the court intimates, in reference to the manner of showing cause, that statements "unsupported by affidavit, being objected to by the adverse party, cannot influence the judgment of the court."

Upon the motion being made in the present suit to dismiss the appeal, the court ordered that the appellant show cause why the appeal should not be dismissed, and the attorney of the appellants makes a statement by way of showing cause, "that the clerk of said court failed to prepare the record in time for the first day of the term. That the fault is the clerk's. That appellants complied fully with the law and the rule of court. That appellant's counsel was engaged in the Circuit Court of the United States with the counsel for the appellee at about the time of the commencement of the term of this court, and was not advised that the counsel for the appellee had finished his engagements in that court so as to be present here, but expected some notice from appellee's counsel of the time he would be present at this court. Further, appellant's counsel was informed and believed that there would be no cases heard at that term of this court," &c.

This statement is not sworn to, but it is not objected to, for that reason, by the opposing counsel. If, therefore, the cause thus shown is "good cause," the motion to dismiss will be denied.

It is said that the fault is that of the clerk of the circuit court, and the counsel states at bar that he repeatedly urged the clerk to prepare the record, but that he omitted to do so, and thus caused the delay.

The certificate of the clerk to the transcript of the record

which is before us is dated January 2d, 1869. This is an official certificate made by the clerk under his oath of office. It shows that the copy was completed ten days before the first day of the ensuing term of this court. There are mails and trains passing over the railroads from the county seat of Alachua county to Tallahassee. Two days at most would be required to transmit the record by the mail to the clerk of this court. The law requires the " party appellant to demand from the clerk a true copy of the proceedings, * * * and file said copy with the clerk of the Supreme Court." The copy having been ready for the appellant ten days before the term of this court, and the duty of the clerk of the circuit court having been fully performed when he had completed and certified such copy, and it being the duty of the appellant to procure and file it here, we do not conceive "that the clerk failed to prepare the record in time for the first day of the term," or that the " fault is the clerk's."

Instead of the record being transmitted to the clerk of this court, the counsel states that it was delivered to him at Jacksonville, where he was engaged in the United States Circuit Court, and was brought to the clerk here by him after the motion had been made to dismiss the appeal.

The counsel had been advised that no causes would be heard at that term of this court, but if such had been the fact, yet the law required that the transcript should be filed on or before the first day of the term, and it was of no consequence, so far as the requirements of the statute were concerned, whether the business of the term should or should not have been postponed.

This, therefore, is not considered good cause why the record was not filed on the first day of the term.

The appeal must be dismissed with costs.

A re-hearing of the motion was denied upon the filing of a petition praying a re-hearing thereof by appellant.