JOHN G. FORTMAN *et al.*

*v.*

JAMES M. RUGGLES *et al.*

1. TAXES—*notice—jurisdiction.* To obtain jurisdiction to hear an application for judgment against lands for delinquent taxes, the collector must publish the notice required by the statute. In all cases there must be actual or constructive notice, or an appearance, to confer jurisdiction on a court, to render a binding judgment.

2. APPEAL—*time of filing transcript.* On an appeal to the circuit court from the judgment of a county court against lands for non-payment of taxes, it appeared the transcript was not filed in the circuit court until two terms of the latter court had intervened after the appeal was perfected: *Held*, as the statute requires the transcript to be filed at the next term after the appeal, the delay amounted to an abandonment of the appeal, and the circuit court should have dismissed it, or at least refused to hear the cause and render judgment therein without notice to the appellee.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. J. B. WRIGHT, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application originally by the treasurer of Mason county to the county court, for a judgment against the lands of several persons, for delinquent special drainage tax levied upon their lands, and for delinquent State and county tax. At the June term, 1866, of that court, a judgment was rendered against all of the lands described in the petition for all except the special drainage tax. Ruggles and Thompson perfected an appeal to the circuit court. At the June term, 1867, the circuit court rendered a judgment against the several tracts of land for the special drainage tax. Plaintiffs in error entered no appearance in the court below. At the same term, Mowder moved to set aside the judgment against his lands,

and at the October term, 1868, plaintiffs in error entered a similar motion as to their lands. .Both motions were then overruled, and the record is brought to this court on error.

As the parties have failed to file briefs in this case, we shall only examine a part of the numerous questions that might be raised on this record.

The transcript contains no notice given by the collector, that he would apply to the county court for a judgment against the lands for delinquent taxes. Such a notice is required by the statute, and is indispensable to confer jurisdiction in this proceeding, unless an appearance is entered. It is statutory and summary in its character, and the requirements of the law must be strictly pursued. The notice takes the place of process, and it is only by its publication, as required by the statute, that the court obtains jurisdiction to hear and adjudicate upon the case. In all cases the party defendant must have actual or constructive notice of the proceeding, or there must be an appearance, before he will be bound by the sentence or decree of a court. For the want of this notice, the court below erred in entertaining jurisdiction and hearing the application.

Again, the county court rendered its judgment on the 18th of June, 1866, and the appeal bond was filed on the 7th of July following. The transcript of the record of the county court was not filed in the circuit court until the 3rd of June, 1867, nearly eleven months after the appeal was perfected. Thus it appears that at least two terms of the circuit court intervened after the appeal bond was filed and before the transcript was lodged in the office of the circuit clerk. This delay amounted to an abandonment of the appeal, and the court below should have dismissed it, or at least refused to hear the case and render any judgment unless notice had been given plaintiffs in error. To permit such delay, when the law requires the transcript to be filed at the next term of the circuit court, and then permit a judgment to be taken without service or notice to the appellee, would be calculated to enable

the appellant to obtain an unjust advantage over the other party. The court therefore erred in trying the cause and rendering judgment therein.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*