JAMES MIX

*v.*

THE PEOPLE *ex rel.* John B. Shaw.

*Filed at Springfield May 9, 1883.*

| 106 | 425 |
| 141 | 495 |
| 106 | 425 |
| 149 | 554 |
| 106 | 425 |
| 157 | 550 |
| 106 | 425 |
| 165 | 503 |
| 106 | 425 |
| 170 | 24 |
| 170 | 231 |
| 106 | 425 |
| 176 | 607 |
| 106 | 425 |
| 178 | 546 |
| 106 | 425 |
| 197 | [1]121 |
| 106 | 425 |
| 204 | [6]459 |

1. APPEARANCE—*defence on the merits, as a waiver of defects in process or service.* In personal actions, if the defendant appears and pleads to the merits, it is wholly immaterial whether the service of the summons was defective, or whether any summons at all was ever issued and served upon him. A party can not appear and object that the service on him is defective, and at the same time defend as to the merits of the suit. Defending on the merits is a waiver of all objection to the service, or even to the entire want of any service.

2. The same rule applies to applications for judgment against delinquent property for taxes. If the owner appears and defends as to the merits, it makes no difference whether the notice given by the advertisement is defective or not, or whether there was any advertisement at all.

3. TAXATION—*application for judgment—of the notice—waiver by defence to the merits.* On application of a collector for judgment against lands and lots for taxes, etc., due thereon, the advertisement of the application stands in the place of a summons in personal actions as to the question of jurisdiction, and the land owner may enter his appearance the same as in personal actions. It is sufficient if he has either actual or constructive notice of the proceeding against his property. He can not object to the sufficiency of the notice, and at the same time question the liability of his property to the taxes claimed.

4. SAME—*recording delinquent list—date of filing the list need not be stated.* Section 188 of the Revenue act of 1872, which requires the collector to file with the county clerk the delinquent list five days before the commencement of the term at which application is to be made for judgment, and making it the duty of such clerk to record the same in a book kept for that purpose, does not require that the date of filing such delinquent list shall be set forth in such book. It is enough if it appears by the bill of exceptions that such list was filed in time.

5. Same—*amending delinquent list—time to object to defects or errors in the list.* Under section 191 of the Revenue law, if the delinquent list shows the total amount of taxes due on some of the property to be more than is stated in the advertisement, or if the list is erroneous, it may be corrected, and if the party defending against judgment fails to point out such discrepancy, or any other omission capable of being obviated by amendment, he waives his objection thereto, and can not urge the same as error.

6. Same—*city taxes—ordinance levying the same need not be published.* Under the general law for the incorporation of cities and villages, it is not necessary to publish the ordinances levying the city taxes, but only the ordinances making appropriations of money. The ordinance for the levy of the necessary taxes presupposes antecedent appropriations, and merely makes a levy to raise money to pay the appropriations already made. The total amount of appropriations legally made is required to be ascertained prior to the passage of the ordinance, and it takes effect from its passage, without publication or posting.

7. Same—*of the necessary proceedings by the city authorities to constitute the levy a valid one.* Where a city incorporated under the general law proceeds to levy taxes upon the assessment for State and county purposes, it is necessary that the amounts levied and to be raised shall be certified to the county clerk, in order that the taxes for the city may be extended and collected in the manner provided for in the general revenue laws of the State. Where this is done, it shows conclusively the election of the city authorities to proceed in the assessment, extending and collection of these taxes in conformity with article 8 of the general Incorporation law of 1872, and section 122 of the Revenue act. Section 254, page 255, of the Revised Statutes of 1874, has no application to such taxes.

8. Same—*special taxation for sidewalks—may be levied and collected before the walk is built.* Where a city proceeds to construct a sidewalk under the "Act to provide additional means for the construction of sidewalks," approved April 15, 1875, and in force July 1, 1875, by special taxation, instead of by assessments, the tax so levied can not be defeated merely because the sidewalk has not been built before the tax is sought to be collected.

Appeal from the County Court of Ford county; the Hon. Hugh P. Beach, Judge, presiding.

Mr. Stephen R. Moore, for the appellant:

On the trial there was no certificate from the printer, publisher, or financial agent of the newspaper publishing the delinquent list, attached to the paper given in evidence, of the due publication of the list, as required by section 186,

chapter 120, of the Revised Statutes.    Without this the court
had no jurisdiction.    *Charles* v. *Waugh,* 35 Ill. 315; *McKee*
v. *Supervisors,* 53 id. 478; *Fox* v. *Turtle,* 55 id. 377.

It is claimed appellant waived this by filing objections, and
*Hale* v. *People,* 87 Ill. 72, and *People* v. *Sherman,* 83 id. 164,
are cited.    In those cases this specific objection was not
made.    The party, by appearing and objecting to the juris-
diction, does not thereby confer it.

Judgment was rendered for taxes on lots and blocks
included in the delinquent list, but omitted in the list as
advertised.

As to the sidewalk tax, the question was tried below by
both parties on the theory that such tax was levied under
section 134, *et seq.,* of the general law of 1876.    The tax is
not legal under this act.    Section 3 provides, that in case of
default of the owner to build the walk, and the village builds
it, the cost of it may be recovered in an action of debt.
There is nothing to show the owner was in default in build-
ing it.    No demand was made on him.

Mr. A. SAMPLE, for the appellee:

The objection to the advertisement was waived by a gen-
eral appearance, and contesting the case on the merits.    The
appearance was not limited to the objections filed.    Each
objection in a tax case stands as a plea.    The objections
filed were signed by counsel, while pleas to the jurisdiction
must be pleaded in person.    1 Chitty's Pleading, 423; 1
Saunder's Pleading and Practice, 4; *Mineral Point R. R. Co.*
v. *Keep,* 22 Ill. 9.

Appearance may be entered in a tax case, as well as in
any other.    The publication of notice takes the place of pro-
cess.    *Fortman et al.* v. *Ruggles et al.* 58 Ill. 207.

There is nothing showing that judgment was entered against
lots, or blocks of the *defendant* which were included in the
delinquent list, but not advertised, and he can not make

objection for other persons. (*Chiniquy* v. *People*, 78 Ill. 570; *Buck* v. *People*, 78 id. 560.) But if not advertised, the appearance cured such defect. *Hale* v. *People*, 87 Ill. 72; *Doyle* v. *Douglass Machine Co.* 73 id. 273.

It is claimed the case was tried on the theory that the sidewalk was ordered under the act of 1872. This is not correct.

Per Cᴜʀɪᴀᴍ: This was a proceeding in the county court of Ford county, to obtain judgment against delinquent lands and town lots for taxes and special assessments alleged to be due thereon for the years mentioned in the application. James Mix, claiming to be the owner, appeared and filed written objections to judgment against certain lands and lots included in the application, but they were all overruled by the court, and from the judgment rendered he prosecuted this appeal.

The cause was first submitted for decision at the January term, 1879, and in vacation thereafter an opinion was filed reversing the judgment of the county court. Within the time limited by the rules of this court, and in conformity therewith, a petition was presented by the collector for a rehearing of the cause. That petition was considered and allowed at the January term, 1880, and the cause was again taken for decision.

One objection taken and confidently insisted upon was, the advertisement the law requires the collector to make for judgment against delinquent lands and town lots, and which he did make, was not proven as the statute requires it shall be, and for that reason it failed to give the court jurisdiction. On the first consideration of the case the newspaper advertisement was thought to be jurisdictional and indispensable, and on account of the insufficiency of the proof in respect to it the judgment was reversed. It is true the advertisement in such cases is jurisdictional, but it is in that sense a sum-

mons in a personal action is jurisdictional. In personal
actions, if the defendant appears and pleads to the merits,
it is wholly immaterial whether the service was defective, or
whether any summons was ever issued and served upon him.
The same rule has been applied in applications for judgment
against delinquent property for taxes. Where the owner ap-
pears, and defence is made as to the merits of the taxes for
which judgment is sought against his property, the rule is,
it makes no difference whether the notice given by the adver-
tisement was defective or not, or whether there was any ad-
vertisement at all. *The People* v. *Sherman,* 83 Ill. 165; *Hale*
v. *The People,* 87 id. 72. A party may enter his appearance
in a tax case as well as in a personal action against him. It
is sufficient if the owner has either actual or constructive
notice of the proceedings against his property. *Fortman* v.
*Ruggles,* 58 Ill. 207.

It is not perceived it makes any difference the owner in
this case objected, as he insists he did, to the sufficiency of
the proof as to the advertisement, for after that was done
he defended on the merits as to the liability of his property
for the taxes assessed against it. That concluded him from
further objecting to the sufficiency of the notice afforded by
the advertisement. A party to a personal action can not
object that the service upon him is defective, and at the
same time defend as to the merits of the suit. Doing the
latter operates as a waiver of all objection that could have
been taken to the service, or; indeed, whether there was any
service at all. As has been seen, the same practice prevails
in tax cases, and there is certainly no good reason why it
should not.

The same reasoning answers the objection insisted upon
that judgment was rendered against property embraced in
the delinquent list filed, but not included in the advertise-
ment that was in fact made.

On the other questions made, the court adheres to the views expressed in its former opinion, delivered by Mr. Justice BAKER, when he was a member of this court, and will simply restate them.

It appears from the bill of exceptions, the People offered in evidence the delinquent list, and certain specified objections were made thereto by contestant. It was stated as an objection, the list was not filed in due time. Section 188 of the Revenue act of 1872, provides: "The collector shall file with the county clerk the list of delinquent lands and lots, which shall be made out in numerical order, and contain all the information necessary to be recorded, at least five days before the commencement of the term at which application for judgment is to be made; and said clerk shall receive and record the same in a book to be kept for that purpose, which said book shall set forth the names of the owners, if known, the proper description of the land or lot, the year or years for which the tax or special assessment is due, the valuation upon which the tax is extended, the amount of each kind of tax or special assessments, the costs, and total amount charged against such land or lot." It will be noted the date of the filing of the delinquent list is not required to be set forth therein, and that date is not one of the matters required to be set forth in the record book kept by the clerk. This delinquent list contains all the information specifically enumerated in the statute. As there is no statute imposing upon the collector the duty of making in his delinquent list a recitation of the date of filing, the blank left by him in that respect is of small moment. If attention had been challenged thereto on the hearing, the blank could readily have been filled, under section 191 of the Revenue act, by the insertion of the proper date. The substantial matter is the fact as to whether the list was actually filed with the clerk at least five days before the commencement of the term. It does appear from the record the first day of the term was

the 21st day of May, and it further appears, from the bill of exceptions preserved therein, by the admission of appellant himself, the delinquent list was filed on the 15th day of May. This we think amply sufficient.

The point is made, the total amount due, as shown by the advertisement, is, as to some of the property, less than the amount shown by the delinquent list, and that there is no law to add to the tax between the publication of the one and the filing of the other. If, as is urged, the delinquent list is erroneous, the necessary corrections could readily have been made, if pointed out, under said section 191, which provides that in all judicial proceedings, of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in personal actions pending in said court. Appellant should have specifically pointed out the discrepancies in the county court when there was opportunity for amendment.

It is claimed the city tax levy of the city of Paxton is illegal. The city is organized under the general Incorporation law of 1872. All ordinances making appropriations of money are, by section 64 of that act, required to be published in a newspaper, or by posting. The ordinance making the city tax levy included in this case, was adopted August 7, 1876, and it is urged there is no sufficient proof in this record it was published. It is provided in section 111 of the act that the city council shall each year ascertain the total amount of appropriations, for all corporate purposes, legally made, and to be collected from the tax levy of that fiscal year, and, by ordinance, levy and assess such amount so ascertained, upon the real and personal property within the city subject to taxation. We do not understand it to be necessary to publish the ordinance levying the taxes. Such ordinance presupposes antecedent appropriations, and merely makes a levy to raise money to pay appropriations already made. The total amount of appropriations legally made is required

to be ascertained prior to its passage. We find in this very record an ordinance of July 7, 1876, duly published, making appropriations for certain specified purposes, and in certain specified amounts, amounting in the aggregate to the sum of $4155. The appropriations, then, were already made, and in strict compliance with the requirements of said section 64. The ordinance of August 7 only acted upon these appropriations, and provided for levying a tax to pay these amounts that had been appropriated. It was not an ordinance of the character claimed for it, and it was not necessary it should be published in order to give it validity. It took effect from and after its passage.

A certified copy of the ordinance was properly filed with the county clerk. It was necessary the amounts levied and to be raised by taxation should be certified to him, in order that the taxes for the city might be extended and collected in the manner provided in the general revenue laws of the State. The ordinance that levied the tax, assessed it upon the real and personal property of the city subject to taxation, "as the same is assessed for State and county purposes,"— thus conclusively showing this election of the city authorities to proceed in the assessment, extending and collection of these taxes in conformity with article 8 of the general Incorporation law of 1872, and section 122 of the Revenue act. The section referred to by appellant,—section 254, p. 255, Rev. Stat. 1874,—has no application whatever to these city taxes.

Objection is made to the sidewalk tax assessed against a portion of appellant's property. It is urged that the sidewalk was not built, and an assessment of special benefits made, in conformity with section 134, *et seq.*, of the general law of 1872. It is very evident the sidewalk was not constructed under the provisions of that law, but in accordance with the provisions of "An act to provide additional means for the construction .of sidewalks in cities, towns and vil-

lages," approved April 15, 1875, and in force July 1, 1875, (Laws 1875, 63.) This latter legislative act, which is plainly the one sought to be followed in the matter of this sidewalk, is wholly ignored by appellant in his brief and argument. Under its provisions, sidewalks may be built by special taxation, instead of by assessments of special benefits. It is not perceived wherein the procedure adopted by the city of Paxton substantially varied from the mode authorized by the several sections of this latter act. No such variance is pointed out, nor is any question made upon the validity of the act.

No material error appearing that substantially affects the justice of the taxes and assessments involved, the judgment must be affirmed.

*Judgment affirmed.*