CHARLES E. PONTIER ET AL., APPELLANTS, vs. A. M. JEFFARES, APPELLEE.

1. An agreement between cross-appellants to use one transcript of the record on appeal is not a waiver of issue and service of citation required by the ninety-fifth chancery rule.

2. Where three terms have intervened between the entry of an appeal and the filing of the transcript which the statute requires to be filed in the appellate court on the first day of the first term after the entry of the appeal, it seems that the appellate court may treat the appeal as abandoned and dismiss it of its own motion.

Appeal from the Circuit Court for Hernando county.

Motion to dismiss appeal.

The facts of the case are stated in the opinion of the court.

*T. M. Shackleford*, for the motion.

*J. B. Wall*, contra.

Judge JOHN F. WHITE, of the Third Judicial Circuit, sat in the place of Mr. Justice MITCHELL, disqualified.

RANEY, C. J.:   The decree in this cause was rendered on the twenty-eighth day of June, 1887, and decreed relief against Illick and Pontier, and dismissed the bill as to the other defendants, Raymond and Dunne.   On the twenty-third day of September following, Pontier and Illick filed an appeal in the Clerk's office of Hernando county, and on the same day Jeffares, the complainant, appealed, both appeals being, as expressed, to the January Term, 1888, of this court.   The transcript of the record was filed here on May 21, 1889, and the appellee moved on the eleventh day of July, at the present term, to dismiss the appeal on the ground that the appeal has not been 'perfected as required by law, and no citation has been issued or served, and other reasons appearing on the face of the record.

Mr. Wall, the counsel for the appellee, files an affidavit stating : that soon after the entry of the appeal he had a conversation with Mr. Shackleford, the attorney for appellee, in which Shackleford stated that he either had appealed, or intended to appeal, on behalf of Jeffares, and thereupon affiant stated to him that in view of the fact that affiant's clients would be compelled to pay the costs of the record, and in view of the further fact that Jeffares at the time had very little money, affiant would agree that both appeals be entered in the same record, and that the same record be used by both appellants, and it was thereupon agreed between them that only one record should be made up, for

which affiant agreed to pay and did pay ; and that it was by reason of this understanding and agreement with Shackleford that the entry of appeal of Jeffares was contained in the same record with that of appellants, 'and affiant failed to apply for a citation when the cause was docketed.

Chancery Rule 95 requires that the appellant shall obtain from the Clerk of the Circuit Court at the time of entering the appeal, or from the Clerk of the Supreme Court upon filing the transcript in the latter court a citation, and how it shall be served and returned. We do not think the agreement as to the transcript of the record was a waiver of citation, or that any of the circumstances of the case dispensed with the issue and service of citation. Nor are we satisfied that it would not be our duty to treat the appeal as abandoned and dismiss it on this motion, in view of the fact that practically three terms of this court, and nearly two years had intervened between the taking of the appeal and the filing of the transcript, whereas the rules and practice of the court contemplated that it should have been filed on the first day of the first term after the entry of the appeal. Owen vs. Echols, 28 Ala., 689 ; Footman vs. Ruggles, 58 Ill., 207 ; Dozier vs. Sargent, 4 La., 41 ; Jenkins vs Bonds, 3 La., Ann., 339 ; Brickell vs. Connor, 10 La. Ann., 235 ; Town of Enterprise vs. State, 24 Fla., 206 ; Rain vs. Thomas, 12 Fla., 493.

The motion is granted.