THE PEOPLE *ex rel.* S. M. Funk, County Collector,

*v.*

E. S. KEENER *et al.*

*Opinion filed December 18, 1901.*

1. TAXES—*party objecting to tax has burden of showing its invalidity.* One objecting to the enforcement of a tax has the burden of showing its invalidity, since the presumption is that the tax is just and that all officers who have had any official connection with it have properly discharged their duties.

2. SAME—*right of land owners to join in objection to drainage assessment.* Land owners may join in objecting to an application for judgment of sale for a drainage assessment where objections as to each are identical and there is nothing to show that any confusion will arise by their so doing.

APPEAL from the County Court of Piatt county; the Hon. F. M. SHONKWILER, Judge, presiding.

REED & EDIE, and HERRICK & HERRICK, for appellant.

RAY & DOBBINS, WEAVER & CARNAHAN, and W. B. RILEY, for appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal by the county collector of Piatt county seeking to reverse a judgment of the county court of that county denying his application for a judgment and order of sale against certain lands of the appellees located in sub-district No. 27 of the Lake Fork special drainage district of the counties of Piatt, Champaign and Douglas.

A portion of the land owners against whom judgment was sought to be obtained jointly filed five objections, as follows: "First, that the taxes levied against the respective lands of your respective objectors was for the purpose of paying an indebtedness created before the assessment was made, and therefore illegal; second, that the taxes levied against their respective lands was for an indebtedness created more than ten years ago, when there were no funds levied to meet the same; third, that the owners of said lands appealed from a prior assessment levied upon their respective lands and by the judgment of the county court of Piatt county, Illinois, and said assessment so levied, as aforesaid, upon said respective lands were reduced, and that no further assessments could be legally made upon the said lands for benefits received from said work and no assessment made against the same except for repairs; fourth, that said taxes were levied for the purpose of paying off a judgment rendered upon orders issued for work done and performed, to-wit, ten years ago, in the construction of said sub-district, and that at the time said work was done a levy was made to pay for the same, and from such levy so made these respective land owners perfected their appeal, and the respective assessments so made, as aforesaid, were reduced, and no further levy could be made against said

objectors' lands to pay the said indebtedness so created as aforesaid; fifth, the said taxes so levied as aforesaid are illegally levied and unauthorized by law."

At the hearing the appellant moved that the objectors be each required to file separate objections, which motion was overruled and exception taken. Thereupon he offered in evidence the certificate of levy made by the commissioners of the special drainage district; the list of delinquent lands filed with the county collector as treasurer of the district; the list filed with the county clerk by the county collector; the publication, in a newspaper, of the delinquent list; the certificate and oath of the publisher and the oath of the collector,—to which no objections were made by appellees. That proof made a complete *prima facie* case. "The collector's return of the delinquent list, with statutory notice and proof of publication, *prima facie* entitles the collector to judgment for the tax returned as delinquent. The presumption is that the assessor and other officers charged with the levy and collection of taxes have done their duty, and have not made an illegal assessment or returned an illegal tax delinquent. We have repeatedly held that the burthen of proof showing such matters as would avoid the tax or establish its illegality is upon the person objecting thereto." (*Consolidated Coal Co.* v. *Baker,* 135 Ill. 545; *People ex rel.* v. *Chicago and Alton Railroad Co.* 140 id. 210; *Chicago and Northwestern Railroad Co.* v. *People,* 171 id. 249.) "It is the settled doctrine of this court that any one objecting to the enforcement of a tax assumes the burden of showing its invalidity. The presumption is that the tax is just,—that all officers who have had any official connection with it have properly discharged their duties." *Peoria, Decatur and Evansville Railway Co.* v. *People ex rel.* 116 Ill. 401.

The only evidence offered by the objectors to overcome the *prima facie* case so made was the entry of thirteen judgments in the county court of Piatt county and

one judgment in the circuit court of that county. The first of those in the county court is as follows: "In the matter of Joseph M. McCabe, appellant, *vs.* The Commissioners of Lake Fork Special Drainage District in the counties of Piatt, Champaign and Douglas, and State of Illinois.—Appeal from assessment.—Verdict of jury that on the lands of Joseph McCabe, the south-east quarter of the north-west quarter of section 7, the assessment should be nothing; said tract in town 16, range 6, east. —Motion for new trial overruled and judgment on the verdict.—County collector objects to the introduction of the above.—Overruled; exception." The entries of the judgments in the other twelve cases in that court are in substance the same as the foregoing, except that in each of them certain amounts were assessed against the lands of objectors. None of the files in either of the cases were offered in evidence, nor was there any proof whatever tending to show that the judgments were in any way connected with the taxes sought to be collected in this proceeding. To the introduction of each of said judgments the collector, by his counsel, objected, but the objection was overruled and he duly excepted. All that was offered as to the judgment in the circuit court was the following: "Abe Evans *vs.* Commissioners of Lake Fork Special Drainage District in the counties of Piatt, Champaign and Douglas, in the State of Illinois, as commissioners of sub-district No. 27 of said district.—Cause tried by court; judgment in favor of plaintiff and against the defendant for the sum of $289.79." To the introduction of this record the said county collector then and there objected, for the reason that said record was not competent, relevant or material. The objection was overruled and exception taken. The bill of exceptions shows that this "was all the evidence offered, given or rejected in the trial of this cause."

The only question for our decision is, does the proof offered on behalf of the objectors overcome the case made

by the collector? We are clearly of the opinion it does not. By no possible inference or intendment can either of said judgments be held, in and of themselves, to sustain either of the objections filed. The objections themselves are vague and uncertain. Neither of them specifies "the particular cause" of the objections, as required by section 191 of the Revenue act.

But, independently of that question, the proof wholly fails to disprove the validity of the tax sought to be collected. The object of offering the Evans judgment doubtless was to prove that the tax in question was "for the purpose of paying an indebtedness created before the assessment was made, or "to pay an indebtedness created more than ten years ago," or "for the purpose of paying off a judgment rendered upon orders issued for work done and performed, to-wit, ten years ago, in the construction of said sub-district," etc., as stated in the first, second and fourth objections. That judgment neither proves nor tends to prove either of the facts alleged. It simply shows that the circuit court rendered a judgment in favor of Evans against the commissioners of the sub-district for $289.79, but upon what cause of action nowhere appears; nor is it in any way shown that the amount of that judgment is to be satisfied by any part of the $840 levied by the commissioners involved in this proceeding. Counsel for appellees admit this, but they say there were no pleadings in the case which could be introduced by them to prove what the judgment was for. This may be true, but certainly that fact can in no way aid appellees. Even if it were admitted that no proof whatever could have been offered by them to connect the judgment in that case with the assessment here involved, the result would be that their objections were not sustained. Not only does the foregoing fatal objection appear, but under section 138 of chapter 42 (Hurd's Stat. 1899, p. 705,) it is provided that if at any time the commissioners shall find the amount of the first assessment

or tax inadequate to complete the proposed work, they may make such additional levy as may be necessary to complete it; and for anything appearing in this record the levy in question, being an *additional* levy, may have been made under that section.

The thirteen judgments, so far as the proof goes, had nothing to do with the assessment here sought to be collected. On the contrary, they show that they were rendered on appeals by these objectors, or some of them, against the commissioners of the main district, and not in proceedings between sub-district 27 and the objectors. Sub-districts are formed in main drainage districts for different purposes, and the lands are subject to assessments both for the main district and for the sub-districts. (Hurd's Stat. 1899, chap. 42, sec. 118.) The assessments for each purpose, when collected, are preserved in separate funds, each independent of the other.

From what we have said it follows that the judgment of the county court must be reversed, and other questions raised by appellant need not be considered. It is, however, insisted by counsel, that, as settling questions of practice in such cases, there should be some expression upon the question whether in such a proceeding different land owners may properly join in objections to the tax. Where the objections are identical, and in the absence of anything to show that confusion or embarrassment will be produced by their being permitted to do so, we see no substantial reason for holding that they may not so join. To hold otherwise would often, in effect, produce a multiplicity of suits, and cause delay and unnecessary expense without corresponding benefits.

Being of the opinion that the county court erred in holding that the *prima facie* case made by the collector was overcome by the objectors, its judgment will be reversed and the cause remanded to that court for further proceedings in conformity with the views here expressed.

*Reversed and remanded.*