The Chicago, Peoria and St. Louis Railway Company

*v.*

The People *ex rel.* H. H. Snell, County Treasurer.

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. AMENDMENTS—*rule to plead does not bar right to amend.* A rule upon a party to plead by a certain day does not bar his right to amend the pleading thereafter, if conditions arise under which he would have a right to amend had the rule not been entered.

2. TAXES—*when refusal to allow objections to be amended is error.* Refusal to permit objections to certain taxes to be amended on the hearing of an application for a judgment of sale is error, where the proposed amendment is with reference to matters which could have worked no surprise to the collector.

3. SAME—*when certificate of levy of road tax is sufficient.* A certificate of levy of road and bridge tax from which the total amount to be raised can be ascertained by computation based upon a rate stated therein, is sufficiently certain under section 119 of the Road and Bridge act, even though it fails to state the total amount in dollars and cents or specify the amount required for each particular purpose.

APPEAL from the County Court of Jersey county; the Hon. Charles S. White, Judge, presiding.

Thomas F. Ferns, (Wilson, Warren & Child, of counsel,) for appellant.

George M. Seago, for appellee.

Mr. Justice Scott delivered the opinion of the court:

This was an application in the county court of Jersey county by appellee, for a judgment against the property of appellant for certain taxes of the year 1903, alleged by appellee to be delinquent. On June 4, 1904, appellant filed its objections to the road and bridge tax of the towns of Mississippi and Fidelity, to the city tax of the city of Grafton, and to the town tax of the town of Jerseyville. On June 6, 1904, the county court entered an order requiring all objections to the application to be filed in writing on or before June 7, 1904. Upon the trial of the cause on June 10, 1904, appellant moved for leave to amend the objection made to the town tax of the town of Jerseyville, by striking out the name "Jerseyville" and inserting in lieu thereof the name "Jersey." The court denied this leave and appellant then sought to prove that there was no such township as Jerseyville in Jersey county, but that there was a Jersey township, and also offered proof to show that the statements in the objection made to the town tax of the town of Jerseyville were correct as applied to the town tax of the town of Jersey. This proof the court refused to hear. Appellant also moved for leave to amend its objection to the city tax of the city of Grafton, by striking out the word "city," wherever it appeared in the objection, and inserting in lieu thereof the word "village." This leave the court denied. Appellant then offered proof, which the court rejected, showing that there was no city of Grafton, but that there was a village of Grafton in Jersey county, and tending to show that the statements contained in the objection to the tax of the city of Grafton were accurate as to the village tax of the village of Grafton. Appellant excepted to each of the adverse rulings of the court, and,

after a hearing upon the objections to the road and bridge taxes above mentioned, the court overruled the objections thereto and entered judgment for the road and bridge taxes, the village tax of the village of Grafton, and the town tax of the town of Jersey. Appellant brings the record to this court for review, and first assigns as error the action of the court in overruling each of its motions for leave to amend.

Section 191 of the Revenue act provides: "In all judicial proceedings of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in any personal action pending in such court."

In *People* v. *Chicago and Alton Railroad Co.* 172 Ill. 71, it was held that whether an amendment to objections should be allowed, in any case, is within the sound judicial discretion of the trial court; and in *Chicago, Madison and Northern Railroad Co.* v. *People,* 207 Ill. 312, the refusal of the court to permit an amendment of objections was held to be error where the amendment sought to be made was in reference to a matter which could have worked no surprise to the county collector. There the objection recited that it was to an application for judgment for "delinquent taxes of the year 1903," and the purpose of the amendment was to make the objection an objection to an application for judgment for delinquent taxes of the year 1902.

In the case at bar, the objection to the city tax of the city of Grafton specified the amount of the tax objected to, which was precisely the same as the amount of the village tax of the village of Grafton for which judgment was sought. The appellee must have known that the tax to which the objection was intended to apply was the village tax of the village of Grafton. The situation is the same with reference to the objection which was filed to the town tax of the town of Jerseyville.

The proposed amendments contained no matter which could have surprised appellee. Had they been made appel-

lant would have had an opportunity to present its cause to the court. Refusing the leave denied it this right. The court erred in denying leave to amend the objections.

The fact that a rule had been entered requiring all objections to be filed on or before June 7, 1904, is without significance. A rule on a party to plead by a certain day does not necessarily bar his right to amend the pleading thereafter if conditions arise under which he would have a right to amend if no such rule had been entered.

The only objection to each of the road and bridge taxes involved which appears from the brief of appellant, is stated in these words:

"A certificate of levy for a road and bridge tax, levied under section 119 of the Road and Bridge act, should give the total amount required to be raised, and the specific amounts, for each of the purposes named, which go to make the total."

The certificate of levy in each instance fails to state the amount required for each of the various purposes named in section 119 of chapter 121, Hurd's Revised Statutes of 1903, and fails to state the aggregate amount in dollars and cents required for all purposes, but does state that the amount of tax required is "forty cents on each $100 valuation as assessed last year."

We have recently held in *Chicago, Indianapolis and Western Railway Co.* v. *People,* 212 Ill. 518, that a similar certificate of levy was sufficient, as section 119, *supra,* does not require the various amounts levied to be itemized in the certificate of levy delivered to the supervisor. Where such a certificate fails to state the total amount, but such total amount can be ascertained by computation based on a rate stated therein, the certificate is sufficiently certain. *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276.

The judgment of the county court will be reversed and the cause will be remanded to that court with directions to enter a judgment in favor of appellee for the road and bridge

tax of each of the towns of Mississippi and Fidelity, and to allow the motions of appellant, hereinabove mentioned, for leave to amend its objections, and upon such amendments being made, to try the issues arising upon the amended objections.

*Reversed and remanded, with directions.*