The Chicago, Peoria and St. Louis Railway Company
*v.*
The People *ex rel.* George McCormick, County Collector.

*Opinion filed February 21, 1907.*

1. Taxes—*when county tax should not be extended at maximum rate.* Where a county tax is levied at the maximum rate, and the assessed valuation as fixed by the county board of review, plus railroad property, exceeds the valuation fixed by the State Board of Equalization, the tax should be extended upon the county board's valuation at such a rate as will produce the total amount of tax which may be levied, as ascertained by multiplying the State board's valuation by the maximum rate.

2. Same—*when city tax is not illegal.* A city tax is not illegal because the tax levy ordinance does not contain a list itemizing the amount levied so as to show the amount levied for each purpose, where it sets out in detail the items of the appropriation ordinance, thus making it a matter of mere mathematical computation to ascertain the amount levied for each purpose. (*Otis* v. *People,* 196 Ill. 542, and *People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 id. 410, distinguished.)

Appeal from the County Court of Madison county; the Hon. J. E. Hillskotter, Judge, presiding.

Wilson, Warren & Child, (Terry & Gueltig, of counsel,) for appellant.

W. H. Stead, Attorney General, and J. F. Gillman, State's Attorney, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The county court of Madison county, overruling the objections of appellant, entered judgment against the lands of appellant for delinquent county and Alton city taxes for the year 1905, whereupon said railway company prayed an appeal to this court.

The objection is urged as to the county tax that the county clerk used a higher rate than necessary to produce

the amount of tax which the county could legally collect. It appears from the record that the total valuation of all property in the county, including railroads, by the State Board of Equalization, was $13,419,915; that the total valuation by the board of review, plus railroad property as originally valued by the State board, was $13,773,948; that the levy of taxes for 1905 was seventy-five cents on the $100; that the amount extended on $13,419,915 at that rate was figured at $100,976.96; that the rate required to produce the latter sum on $13,773,948 is about seventy-three cents on the $100. If the rate of seventy-five cents be extended against appellant's valuation of $128,852 it will give $966.39, whereas the rate of seventy-three and seven hundredths cents gives $941.52. Appellant claims that the excess over the latter figure is illegal. Cases involving substantially the same principles of law and arising upon very similar facts were recently discussed at length and decided by this court in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 223 Ill. 17, and *People* v. *Chicago and Eastern Illinois Railroad Co.* id. 300. It was there held that a tax levied according to the higher rate was an excessive and illegal levy. Under these decisions the county court should have sustained the objection to the taxes for the amount of the difference between $966.39 levied against the appellant and $941.52, the amount that should have been levied,—that is, $24.87.

It is contended that the Alton city tax is illegal because the levy ordinance, while setting forth in detail the items of appropriation, does not itemize the amount levied. The ordinance provides "that there shall be assessed, levied and collected upon and from all the taxable property, * * * $43,428.18, to be used for the following purposes, to-wit: Water-works, $9700; lights, $13,000; police, $11,000; salaries, $7000; fire department, $9000," and so on through some twenty-seven different items, which added make the total amount appropriated $78,978.19, and then continues:

"From which deduct the following: Road and bridge tax, $1600; licenses of all kinds, $30,100; fines, fees, etc., $1200; weights and measures, $700; rents, $700; two per cent insurance account, $1200; total, $35,500; leaving the net amount to be raised by general taxation for corporate purposes, not including interest on the public debt, * * * $43,428.18."

The provision of the law with reference to the levying of city taxes, (Hurd's Stat. 1905, chap. 24, par. 111, p. 311,) reads:· "The city council * * * shall annually * * * ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village as the same is assessed and equalized for State and county purposes for the current year," etc.

It is argued that it cannot be told from the above levy ordinance, on account of the $35,500 to be raised from other sources and therefore not included in the levy ordinance, in just what proportion the amount levied, namely, $43,428.18, is to be devoted for the various purposes specified in the appropriation ordinance. This court held in *Chicago, Peoria and St. Louis Railway Co.* v. *People,* 214 Ill. 471, that where the certificate under the Road and Bridge law fails to state the total amount to be levied, but such amount can be ascertained by computation based on the amount stated therein, the rate is sufficiently certain. We also held in *Spring Valley Coal Co.* v. *People,* 157 Ill. 543, and *Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 id. 463, that the failure of the tax levy ordinance to specify in detail the objects and purposes for which the tax was levied is not fatal where such tax levy ordinance refers to the appropriation ordinance, which contains such information in detail; that such omis-

225—30

sion in the tax levy ordinance itself may be regarded as an error or informality which does not affect the substantial justice of the tax itself, and therefore is cured by section 191 of the Revenue law. See, also, *Otis* v. *People,* 196 Ill. 542, and *Parish* v. *People,* 203 id. 374.

Although we consider it better practice to include an itemized list in the tax levy ordinance, stating the actual amount for each purpose for which the levy is made, as well as an itemized list of the appropriations, we do not consider that the absence of the former list will invalidate the ordinance here in question, as the amount levied for each purpose may be easily found by a simple mathematical computation. The amount of levy for a given purpose, say for the waterworks, will bear the same proportion to the amount appropriated for water-works as the whole amount levied does to the whole amount appropriated, and the same would be true of every item on the list of appropriations. In *People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410, cited by appellant, the facts on the question there at issue were very different from those in the present case. In that case it was impossible to ascertain from the tax levy ordinance the specific amounts to be levied for each purpose. In this case that can be done. The chief purpose of the statutory provision requiring the purposes to be specified in detail is to apprise the tax-payers and all others interested as to what the public funds are to be used for, and the ordinance now under discussion performs this function with reasonable certainty, or at least makes the objects for which the money was to be spent readily ascertainable from the figures given in the ordinance itself. We do not see how anyone examining the tax levy ordinance in this case with any degree of care could be misled as to the actual amount that it was intended to levy for each purpose mentioned therein. The county court properly overruled the objections as to the city tax.

The judgment of the county court as to the Alton city tax is therefore affirmed and the judgment of the county court as to the county tax here in question is reversed and the cause remanded, with directions to enter an order in accordance with the views herein expressed.

*Reversed in part and remanded.*