The People of the State of Illinois ex rel. Henry Stuckart, County Collector, and Robert M. Sweitzer, Clerk of the County Court of Cook County, Defendants in Error, v. Mrs. J. G. Campbell et al., Plaintiffs in Error.

## Gen. No. 21,794.

1. COURTS, § 32*—*invalidity of court rule as to appearance fees.* A County Court rule providing that a separate appearance fee shall be paid by every property owner objecting to the sale of property on application for judgment by the county collector for delinquent general taxes, *held* to be contrary to section 33, ch. 53, Rev. St. (J. & A. ¶ 5634), providing that the defendant or defendants, respondent or respondents, appellee or appellees shall pay $3 before he, she or they shall be entitled to enter his, her or their appearance or file any pleas, answer or demurrer in any suit at law or in equity, and to be void.

2. COSTS, § 58*—*what is authority of clerk of court to tax.* Costs were not taxable at common law, and the authority of the clerk of court to tax same is by virtue of the statute.

3. COSTS, § 3*—*how statutes relative to are construed.* Statutes imposing costs are penal in character and strictly construed.

4. TAXATION, § 450*—*what is nature of proceedings by county collector for judgment for delinquent taxes.* The application of the county collector for judgment and order of sale for delinquent taxes is in the nature of an action at law, in which the publication provided by section 182 of the Revenue Act (J. & A. ¶ 9401), is the process or summons; the judgment, sale, redemption and forfeiture record of the delinquent lands, required by section 188 of that Act (J. & A. ¶ 9407), to be filed with the clerk of the court serves the office of a declaration, and the owners of the several tracts of such lands are the defendants.

5. TAXATION, § 492*—*what is proper procedure as to judgment by county collector for taxes.* While section 191 of the Revenue Act (J. & A. ¶ 9410) requires that a judgment by the county collector for delinquent taxes shall be several, this has reference only to the manner of satisfying the judgment, to prevent holding the property of one person for the damages assessed against another, and the proper procedure is, after all objections have been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

disposed of, to enter one judgment and order of sale against the delinquent lands.

6. TAXATION—*when different property owners may join in objections to application by county collector for judgment of sale for delinquent taxes.* Where the same objections are made by each of the owners of the several tracts of land included in an application by the county collector for judgment and order of sale for delinquent general taxes to such application, and no contention is made that the objections are not applicable to the property of each, all such owners may properly join in such objections upon payment of a single appearance fee of $3.

Error to the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded with directions. Opinion filed March 8, 1917.

LLOYD S. BAILEY, for plaintiffs in error.

MACLAY HOYNE, for defendants in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error, plaintiffs in error seek to reverse the action of the County Court of Cook county in denying their motion to retax costs in the matter of the application of the county collector for judgment and order of sale of certain lands, for failure to pay the general taxes for the year of 1914.

The record shows that plaintiffs in error, thirty-six in number, by their counsel prepared objections to the application of the collector. These objections, nine in number, were set out in one paper or document. The document was presented to the county clerk for filing and $3 appearance fee tendered. The clerk refused to accept and file the document until an appearance fee of $3 for each objector, or $108 was paid. The clerk based his demand upon a rule then in force in the County Court, which is as follows:

"Rules on application for judgment in tax matters. Appearance fee—'General.'

"Rule I. A separate appearance fee shall be paid by every property owner objecting to the sale of his property on application for judgment by the county collector for delinquent general taxes."

After a hearing on the objections at the July term, they were sustained. At the August term, the objectors, plaintiffs in error, moved the court to retax the costs and require the clerk to refund to them $105, which motion was denied.

The authority of the clerk of the court in taxing costs is by virtue of the statute, as none were taxable at common law. *Fish v. Farwell*, 33 Ill. App. 242; *Brueggemann v. Young*, 128 Ill. App. 200; *Roby v. Chicago Title & Trust Co.*, 194 Ill. 228. Statutes imposing costs are to be strictly construed, since they are penal in their character. *Gehrke v. Gehrke*, 190 Ill. 166. The authority for the imposition of costs in a proceeding such as the one at bar is derived from section 33, ch. 53, Rev. St. (J. & A. ¶ 5634). That section, so far as material in this case, provides:

"And the defendant or defendants, respondent or respondents, appellee or appellees, before he, she or they shall be entitled to enter his, her or their appearance or file any pleas, answer or demurrer in any suit at law or in equity shall pay to the clerk of the court the sum of three dollars to be taxed as costs in the suit, which * * * shall be in full payment of and for all services rendered, or to be rendered by the clerk, for or on behalf of the defendant or defendants," etc.

The application of the county collector for judgment and order of sale for delinquent taxes is in the nature of an action at law. The publication provided for in section 182 of the Revenue Act (J. & A. ¶ 9401) is the process or summons, *Fortman v. Ruggles*, 58 Ill. 207. The judgment, sale, redemption and forfeiture record of the delinquent lands, required to be filed

with the clerk of the court by section 188 of the Revenue Act (J. & A. ¶ 9407), serves the office of a declaration. *Wiggins Ferry Co. v. People,* 101 Ill. 446. The owners of the several tracts of delinquent land, and for which judgment and order of sale are asked, are the defendants. The proper procedure is, after all objections have been disposed of, to enter one judgment and order of sale against the delinquent lands; and, while it is true that the statute (section 191 of the Revenue Act, J. & A. ¶ 9410) declares that such judgment shall be several, this has reference only to the manner of the satisfaction of the judgment, so as to prevent the judgment from holding property of one person for damages assessed against another. *People v. Gary,* 105 Ill. 332. Each of plaintiffs in error made the same objections to the application of the collector, and there is no contention that the objections were not applicable to the property of each. Under these circumstances it was proper that they all join in such objections. *People v. Keener,* 194 Ill. 16; *People v. Welch,* 252 Ill. 167.

In the *Welch* case, *supra,* the court said, p. 170: "The principal contention of the appellee in support of the action of the court in sustaining the motion to strike the objections is, that the several landowners did not have the right to join in making the objections, for the reason that their interests are not identical and that they have no joint interest in the lands sought to be sold. It appears from the application for judgment and sale that the objectors owned separate tracts of land. They all joined in the objections, and under the holding in *People v. Keener,* 194 Ill. 16, this was a proper method of procedure, provided all the objections made applied to the lands of each of the objectors. In that case, in passing upon the question whether, in such a proceeding as this, different owners may properly join in the objections, we said: 'Where

the objections are identical, and in the absence of anything to show that confusion or embarrassment will be produced by their being permitted to do so, we see no substantial reason for holding that they may not so join. To hold otherwise would often, in effect, produce a multiplicity of suits and cause delay and unnecessary expense without corresponding benefits.' Unless it should be apparent from the objections themselves, when considered in connection with the application, that confusion or embarrassment would be produced by permitting the objectors to join, the court would not be warranted in sustaining a motion to strike them upon that ground.''

We think this decision of the Supreme Court is authority for plaintiffs in error to join in filing their objections, and under section 33 of the statute above quoted (J. & A. ¶ 5634), they were entitled to file them upon the payment of an appearance fee of $3. The rule, therefore, of the County Court above set forth is contrary to said section 33, and is void.

The judgment of the County Court is reversed and the cause remanded with directions to retax the costs in accordance with the views herein expressed.

*Reversed and remanded with directions.*