(No. 12434.—Reversed and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellant, *vs.* H. C. KOHLER, Appellee.

*Opinion filed October 27, 1919.*

1. TAXES—*when objection to taxes may be amended.* On the application of the county collector for judgment for taxes, an objection that the valuation was raised during the quadrennial period without notice to the objector is sufficiently clear to be amended at the hearing by adding the averment that there has been no physical change in the property.

2. SAME—*objector has burden of showing failure to give notice of increase in valuation.* Taxing authorities are presumed to have done their duty, and as every presumption will be indulged in favor of the validity of their acts, an objector who avers that the assessed valuation of his property was raised during the quadrennial period without notice to him has the burden of proving such averment.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., of counsel,) for appellant.

GEORGE P. FOSTER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining appellee's objections to the validity of certain taxes assessed against appellee's property for the year 1917 and denying the application of the county collector for judgment.

The record discloses that appellee's taxes as fixed by the board of review of Cook county amounted to $329.34; that he paid on account of said taxes the sum of $250; that he objected to the payment of the difference, amounting to $79.34, on the ground that the valuation of his real estate, which was fixed in 1915 for the quadrennial period at $4005, was raised without notice to him to $5372, and that the valuation was unfair and inequitable. Upon motion by appellant for judgment appellee filed his written objection, setting forth the above reasons why judgment should not be entered against his property for the sum of $79.34. Appellant's motion to strike the objection from the files on the ground that the same was vague, uncertain and did not specifically state the particular cause of objection was overruled. During the hearing a motion by appellee for leave to file amended objections was allowed, over objection of appellant. The written objections already filed were amended by adding the averment that there had been no physical change in the property of appellee, nor any change in the value thereof by reason of any alterations or additions or improvements, since April 1, 1916, and prior to April 1, 1917. Appellant moved to strike the amended written objection from the files for the reason that it did not set out clearly the particular causes of the objections, which motion was overruled. While the written objection as filed or as amended is not stated in very clear terms, yet it was so worded that the representatives of the public would readily understand that the property owner was objecting because the quadrennial assessment had been unlawfully raised without notice to him. The court was justified in permitting the amendment to be made and in refusing to strike the amended objection. *Chicago, Peoria and St. Louis Railway Co.* v. *People,* 214 Ill. 471; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 282 id. 206; *People* v. *Shortall,* 287 id. 150.

There is no contention that appellant did not make out a *prima facie* case. Therefore the burden of showing the invalidity of the tax rested upon the appellee. *People* v. *Keener,* 194 Ill. 16; *People* v. *Bates,* 266 id. 55; *People* v. *Hassler,* 262 id. 133; *People* v. *Chicago and Eastern Illinois Railroad Co.* 281 id. 177.

The principal contention is that the trial court erred in not holding that there was a failure on the part of appellee to sustain his objection "that the assessed valuation of his property was raised without notice to him." The burden rested upon appellee to show that the valuation of his real estate had been raised and that it had been raised without notice to him. (*People* v. *Shortall, supra.*) Taxing authorities are presumed to have done their duty, and every presumption will be indulged in favor of the validity of the acts of such officers. (*People* v. *Keener, supra; People* v. *Chicago and Eastern Illinois Railroad Co. supra.*) Appellee did not testify. It was not proved that notice had not been given, nor was it proved that notice was not actually received. The only evidence in the record with reference to notice is that given by appellee's witness Lloyd. This witness testified that he had no positive knowledge on the subject, and did not, in fact, know whether or not there was any notice given with reference to the intention to increase the assessed valuation of this property. There was a total failure of proof that the assessed valuation of appellee's property had been raised without notice to him, and such being the case, the trial court erred in sustaining the objection to the tax and in refusing judgment and order of sale applied for by the appellant.

The judgment of the county court of Cook county will be reversed and the cause remanded to that court for further proceedings in conformity with the views herein expressed.                        *Reversed and remanded.*