---

(No. 14797.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MORTON T. CULVER, Appellant.

*Opinion filed October 21, 1922.*

1. TAXES—*burden is on objector to prove tax illegal.* The presumption is that a tax as levied is legal and just, and the burden of showing it is illegal or unjust is upon him who would avoid it.

2. SAME—*personal property must be assessed where owner resides.* Unless otherwise specified by statute, the taxable situs of personal property, money and credits is the domicile of the owner, and office equipment permanently located in a town in which the owner does not reside must be listed and assessed where the owner resides, where he has not filed any schedule in the town where the office is located. (*Tolman* v. *Raymond,* 202 Ill. 197, distinguished.)

APPEAL from the Municipal Court of Chicago; the Hon. H. M. WALKER, Judge, presiding.

R. R. BALDWIN, for appellant.

ROBERT E. CROWE, State's Attorney, and EUGENE SULLIVAN, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action in debt against appellant to collect the sum of $46.26, personal property tax for the year 1919, levied by the board of assessors against property of appellant in the town of South Chicago.

The facts are stipulated. Appellant lives in the village of Glencoe, in Cook county, and maintains a law office in the town of South Chicago, in the city of Chicago. His office equipment is permanently located in that town. The board of assessors of Cook county, in the absence of a list returned by him of personal property, estimated the value of his personal property subject to taxation in the village of Glencoe for the year 1919, and also returned an estimated value of the personal property of appellant in the town of South Chicago for said year to be taxed in the latter town. The taxes estimated thereon amount to $46.26. Appellant paid the taxes assessed against the property in the village of Glencoe but objected to the payment of the taxes levied against his office equipment in the town of South Chicago on the ground that the board of assessors had no authority to assess his personal property at any other place than in the village where he resides. Appellee contends that since the personal property in question is permanently located in the town of South Chicago, it was, in the absence of a showing that it had been included with the personal property located in the village of Glencoe, properly assessed in the town of South Chicago.

The power of a board of assessors to make an assessment of personal property is derived from section 7, and other sections therein referred to, of the Revenue act. Section 7 is in part as follows: "Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county, town, city, village or district where the owner resides."

The presumption is that a tax as levied is legal and just. (*People* v. *Keener,* 194 Ill. 16.) The burden of showing that it is illegal or unjust is upon him who would avoid the tax. It is clear from the stipulation filed in this case that unless the property in question comes within the provision of section 7 of the Revenue act relating to property "required in this act to be listed and assessed otherwise,"

the board of assessors was without power to assess it in any taxing district other than the one in which appellant resides. As a general rule, the taxable situs of personal property, moneys and credits is the domicile of the owner. The exceptions to this rule referred to in section 7 of the Revenue act include cases where the owner is a non-resident or has listed property in the taxing district where the same was assessed though living in another taxing district, and cases which come within the express statutory exceptions. There is nothing in this case to bring it within any of the exceptions to the rule prescribed in section 7. Appellant did not list his personal property located in the town of South Chicago for assessment in that town and there is nothing in the character of his property which brings it within any specific statutory exception to the general rule. It appears that the board of assessors had under consideration the matter of the assessment of appellant's South Chicago property at the same time it estimated his personal property in the village of Glencoe, where he resided. It does not appear, however, why the South Chicago property was not included with the estimate of the Glencoe property.

Appellee cites *Tolman v. Raymond,* 202 Ill. 197. That case is to be distinguished from the case at bar. There the property holder voluntarily filed a schedule of personal property in the town where he had his business office, in addition to the schedule filed in the town where he resided. This distinction on the facts is sufficient to show the inapplicability of that case to the one under consideration.

The board of assessors was without authority to assess appellant's property in the town of South Chicago, and the judgment of the municipal court is therefore reversed.

*Judgment reversed.*