# MICHAEL GROB

## *v.*

# WILLIAM H. W. CUSHMAN.

1. MORTGAGE—*judgment—redemption.* Where a person executed a mortgage on real estate, and subsequently another person recovered a judgment against the mortgagor, which became a lien on the same land, an execution was issued on the judgment, and the premises were sold to another person who assigned the certificate of purchase to still another person, and three days after the right to redeem by the mortgagor had expired,

the mortgagee filed a bill to foreclose, and on the same day the mortgagor entered his appearance, and a decree of foreclosure was afterwards entered ordering the payment of the money in ten days, and, in default thereof, that, on ten days' notice, the land be sold, and the sale was made and the land purchased by a person not in interest, bidding $900 more than the amount of the decree on the foreclosure, and the money was not at the time paid to the mortgagee, but the $900 was paid to the mortgagor, who was the father-in-law of the purchaser at the foreclosure sale; the purchaser at the execution sale, or his assignee of the certificate of purchase, was not made a party to the foreclosure proceeding; the assignee filed a bill to redeem: *Held*, that his right to redeem was not lost.

2. That, in such a case, he might redeem by paying the amount paid by the purchaser under the decree to satisfy the mortgage. When the bill to foreclose was filed the mortgagor's right to redeem had expired, his equity of redemption had been sold, and he had failed to redeem within one year, and the assignee of the certificate of purchase under the execution sale held the equity of redemption, and not having been made a party to the foreclosure suit, his right to redeem was not cut off by the foreclosure sale.

3. DECREE—*evidence to sustain it.* Where the chancellor gives a certificate of evidence heard on the trial, and it is not sufficient to sustain the action of the court, the decree will be reversed, notwithstanding it finds and recites facts that are sufficient. In such a case, the certificate of evidence must control.

APPEAL from the County Court of LaSalle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

Mr. G. S. ELDRIDGE, for the appellant.

Messrs. STIPP, BOWEN & SHEPHERD, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

On the 16th day of August, 1861, one Minnehard executed to one Wylie a mortgage to secure a debt of $1400. At the March term, 1863, one Robinson recovered a judgment against Minnehard for $1000, which was a lien on the mortgaged premises, but junior to the mortgage. An execution was issued on the judgment in October, 1864, under which the premises were sold on the 3d of December, 1864, to one Rugg, who, on the 1st of January, 1865, assigned the certificate to

the complainant, Cushman. On the 6th of December, 1865, three days after Minnehard's right of redemption from the sheriff's sale had expired, his attorney in Robinson's suit filed a bill against him, in the name of Wylie, to foreclose the mortgage, and on the same day Minnehard's appearance was entered, and on the 9th of December a decree of sale was rendered requiring the defendant, Minnehard, to pay the amount of the mortgage within ten days, and, in default thereof, authorizing the mortgaged premises to be sold on ten days' notice. They were so sold, and Grob, the appellant, became the purchaser, bidding therefor $2600, which sum was $944 more than the decree. Grob was the son-in-law of Minnehard. The amount due Wylie on the mortgage was not paid at the time, but the parties went through the form of paying to Minnehard the amount due him, being the excess of the bid over the amount of the decree.

Neither Rugg nor Cushman, the former the purchaser at the sheriff's sale, and the latter the assignee of the certificate, was made a party to the bill to foreclose, and on the 21st of February, 1867, this bill was filed by Cushman, asking for leave to redeem by paying the amount due Wylie under the mortgage and decree. The court below so decreed.

This case presents no question of difficulty. When the bill to foreclose was filed against Minnehard, he had ceased to have any interest in the mortgaged premises. His equity of redemption had been sold by the sheriff and bought by Rugg, and the twelve months for redeeming by him from the sheriff's sale had expired. As neither Rugg nor his assignee was a party, their right of redemption was not cut off by the foreclosure. The purchaser at the sheriff's sale succeeded to the right of redemption both of the judgment creditor and of the mortgagor.

Neither, in this case, is there any difficulty as to the terms of redemption. The inference is irresistible, from the circumstances connected with the foreclosure and sale, that the object was to cut off the title under the judgment by bidding at the

master's sale a sum fully equal to the value of the land, and largely in excess of the amount of the decree. Before the bill to foreclose was filed, Rugg, as agent for Robinson, the judgment creditor, had called on Grob, to whom he had been referred by Minnehard, to effect some arrangement in regard to the payment of the judgment. He had also called on Wylie. Minnehard's attorney, as already stated, acted for Wylie in the foreclosure. All parties then had actual notice of the judgment, both at the time of foreclosure and of the sale. The extraordinary speed with which the mortgage was foreclosed, the sale being had in twenty-eight days after the bill was filed, the bid by Grob of $944 more than the decree, although it does not appear there was any competition at the sale, the relationship between Minnehard and Grob, the fact that Minnehard's attorney in the suit in which the judgment was recovered managed the foreclosure and sale, the credit given at the master's sale for the amount due Wylie, although the excess, it is claimed, was paid at once to Minnehard—these circumstances compel the conclusion that the purchase by Grob was by arrangement between him and Minnehard for the purpose of destroying the title acquired by complainant through the judgment and sheriff's sale.

Under these circumstances the court below properly held that the complainant might redeem by paying to Grob so much of the amount paid by him as had been applied to the satisfaction of the mortgage. If cases arise in which the purchaser should be refunded by a junior incumbrancer coming to redeem, the whole amount of his bid, if in excess of the decree and costs, this is not one of them. The bid was made with the full knowledge of complainant's equities, and in pursuance of a collusive scheme to destroy them.

This is the second time this case has been in this court, and we have considered it upon its merits with a view to its final disposition, but we must again reverse and remand it, because the evidence, as set out in the certificate of the court, is incomplete. Thus far we have spoken of the case upon the

theory that the sale under the judgment and execution appeared by the record to be free from objection, and to pass the title. We have given the date of the judgment as recited in the execution, for the purpose of stating the facts as they no doubt exist, but although the counsel for appellant argues the case on that hypothesis, and we have so considered it, he insists, at the same time, that there is no proof in the record showing the date of the judgment, or at what term it was rendered, and therefore it does not appear that it was a lien, or that it may not have been rendered so long ago that lapse of time would raise a presumption of its payment before the sale was made. We find this defect exists in the proof. As these objections are insisted upon, we must hold them valid, and reverse the decree.

We are asked by counsel for appellee to take the recitals of the decree as proof. That can ordinarily be done, but here the certificate of the court states that all the evidence upon which the decree was based is embodied in that certificate. We can not, therefore, look beyond it.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*