The People *ex rel.* Friederich Scheuber

*v.*

Fred. C. Nibbe *et al.*

*Filed at Ottawa May 8, 1894.*

1. DRAINAGE DISTRICT—*may include a village.* A drainage district organized under the Farm Drainage act may include within its limits a part of the territory of a village already organized under the general law relating to cities and villages.

2. It can not be doubted that the legislature has the power to authorize the organization of municipal corporations for one purpose, embracing territory situated wholly or partly within the boundaries of another municipal corporation already organized for another purpose.

3. Section 11 and subsequent sections of the Farm Drainage act, which provide for the formation of districts for combined drainage out of territory lying within a single town, merely provide that the territory to be embraced in the proposed district shall lie within one town. Those sections are sufficiently broad to embrace any and all contiguous territory within a town which is so circumstanced as to require a combined system of drainage for agricultural or sanitary purposes, irrespective of whether any portion of it is already included within the boundaries of a pre-existing municipal corporation or not.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

Mr. JACOB J. KERN, State's Attorney, Mr. MILLARD F. RIGGLE, and Mr. WILLIAM ELIOT FURNESS, for the appellants.

Mr. Richard Prendergast, and Mr. S. A. Reynolds, for the appellees.

Mr. Justice Bailey delivered the opinion of the Court:

This was a proceeding by *quo warranto,* brought to test the validity of the organization of Drainage District No. one, in the township of Niles, Cook county, claimed to have been organized under the provisions of the Farm Drainage Act. It seems to be conceded that, in the organization of the district, all the statutory requirements were complied with, the only objection to its validity being, that the district includes a portion of the territory of the village of Niles Center, a municipal corporation organized under the general law in relation to the incorporation of cities and villages.

It appears that the district embraces a long, narrow and somewhat irregularly shaped territory, and that at about the middle of the district, a portion of the territory of the village is included, extending entirely across the district. It will thus be seen that, if the portion of the village included in the district were omitted therefrom, the district would be divided into two separate portions, having no connection with each other, and it may perhaps be admitted that if the village territory was improperly and illegally included, the organization of the district must be held to be invalid.

But we are unable to see upon what ground it can be held that the inclusion in a drainage district organized under the Farm Drainage Law of a portion of the territory of a village already organized under the general law in relation to cities and villages is improper or unlawful. It can not be doubted that the Legislature has the power to authorize the organization of municipal corporations for one purpose, embracing territory situated wholly or partly within the boundaries of another municipal corporation already organized for another purpose.

This question was fully considered in *Wilson* v. *Board of Trustees*, 133 Ill. 443. That case involved the question of the constitutionality of the act entitled, "An Act to create sanitary districts, and to remove obstructions in the Des Plaines and Illinois rivers," approved May 29, 1889, the first section of which provided that, "whenever any area of contiguous territory within the limits of a single county shall contain two or more incorporated cities, towns or villages, and shall be so situated that the maintenance of a common outlet for the drainage thereof will conduce to the preservation of the public health, the same may be incorporated as a sanitary district." One of the questions raised was, whether it was within the power of the General Assembly, under the Constitution, to authorize the formation of sanitary districts, disregarding the existence and boundaries of pre-existing municipal corporations, and invest the corporate authorities with the power of taxation for sanitary purposes. In considering that question, we held, that while the General Assembly may vest in cities, towns and villages, the power to construct sewers, drains, etc., for sanitary purposes, it may also create a corporation within the county, and invest it with like power, and so, may create a corporation including both city and county, and invest it with power to secure the public health by means of sewers, channels and drains; that there are no constitutional restrictions as to the boundary lines of public or municipal corporations within which new corporations may be formed, except as to counties, and that it is wholly unnecessary that the corporate authorities of the new corporation should be also the corporate authorities of some specific pre-existing corporation; that it therefore violates no principle of constitutional law to create a district, and vest it with powers of taxation for sanitary purposes, co-extensive with the territory to be controlled, and that the propriety of the creation of such municipal corporation belongs alone to the General Assembly and not to the courts.

Precisely the same doctrine must be held to apply to the statute under which the drainage district now before us was organized. That was an act "to provide for drainage for agricultural and sanitary purposes," etc., and, upon the same principles laid down in the case above cited, the General Assembly had power, under the constitution, to provide for the organization of drainage districts, embracing such territory as in the exercise of its legislative discretion it thought proper, wholly irrespective of whether the territory to be thus organized into a drainage district, or any part of it, was already embraced within the boundaries of a pre-existing municipal corporation.

We are also of the opinion that the provisions of the Farm Drainage Act can not be so interpreted as to exclude from a drainage district to be organized under them, the territory already embraced within the limits of an incorporated village. Section eleven of the act and subsequent sections which provide for the formation of districts for combined drainage out of territory lying within a single town, merely provides that the territory to be embraced within the proposed district shall lie within one town.    3 Starr & Cur. Stat. 443, *et seq.*    The provisions of these sections are sufficiently broad to embrace any and all contiguous territory within a town which is so circumstanced as to require a combined system of drainage for agricultural or sanitary purposes wholly irrespective of whether any portion of it is already included within the boundaries of a pre-existing municipal corporation or not.    And we know of no other provision of the statute, and are referred to none, by which any further limitation in this respect is imposed.

By the judgment of the Circuit Court, the petition for a writ of *quo warranto* was dismissed, and we are of the opinion that, upon the facts appearing in the record that judgment was proper, and it will therefore be affirmed.

*Judgment affirmed.*