C. J. BISHOP *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 25, 1902—Rehearing denied December 11, 1902.*

1. QUO WARRANTO—*when objection that information was filed without leave of court is waived.* An objection that an information in the nature of *quo warranto* was filed without leave of court is waived by voluntarily entering appearance and pleading to the merits.

2. INSTRUCTIONS—*party procuring instruction is bound thereby.* If defendants to a *quo warranto* proceeding are permitted by the court to justify by introducing the drainage record of the organization of their district and procure an instruction that the findings of jurisdictional facts in the record are *prima facie* true, they cannot insist, upon appeal, that the court should have instructed the jury that such findings were conclusive unless impeached for fraud.

3. DRAINAGE—*petition provided for in act of 1901 must be filed in town clerk's office.* The petition provided for in the drainage act of 1901 (Laws of 1901, p. 158,) is required to be presented to the town clerk and filed in his office, and it is not sufficient to leave the same in the office of petitioner's attorney until the time the order organizing the district is entered.

200—3

4. SAME—*two municipalities cannot exercise authority over same territory for drainage purposes.* If a city assumes jurisdiction of a creek or ditch within its corporate limits and improves the same for drainage purposes, that portion of the creek or ditch cannot be included in another drainage district organized under the act of 1901. (Laws of 1901, p. 157.)

5. SAME—*scope of amendment of 1901.* The amendment of 1901 of the Drainage act was not designed to bring into a drainage district organized thereunder, ditches and outlets of a city or village which have been constructed and improved by special assessment and are in use by said city or village for drainage purposes.

6. SAME—*ditch made by special assessment is not voluntarily made.* A ditch and its branches, made by special assessment, cannot be said to have been voluntarily made, within meaning of the act of 1901.

APPEAL from the City Court of Mattoon; the Hon. L. C. HENLEY, Judge, presiding.

This is an information in the nature of a *quo warranto,* filed in the city court of the city of Mattoon by the State's attorney of Coles county, against the appellants, to contest the legality of Union Drainage District No. 2 of the towns of Mattoon and Lafayette, in said county, organized under an act entitled "An act to amend section 76 of an act entitled 'An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named,' approved June 26, 1885, in force July 1, 1885," approved May 11, 1901, (Laws of 1901, p. 157,) which provides that where two or more parties owning adjoining lands which require a system of combined drainage have by voluntary action constructed ditches which form a continuous line or lines and branches, the several parties shall be liable for their just proportion for such repairs and improvements as may be needed therefor, the amount to be determined, as near as may be, on the same principles as if said ditches were in an organized district, and that whenever such repairs and improvements are not made by voluntary agreement, any one or more persons owning parts of said ditch shall be competent to petition the commissioners of highways of

the township or townships wherein said ditch and its branches are located, for the formation of a drainage district to include all the lands to be benefited by maintaining said ditches and branches.

The appellants, by plea, set up in detail the proceedings for the organization of said district and their appointment as commissioners thereof, to which plea the appellee filed nineteen replications, the following of which, on demurrer, the court held to be good, wherein it was averred (2) that the land owners in said district had not by voluntary action constructed said ditch and branches; (11) that said ditch was a natural waterway that had never been constructed by the land owner or owners, but owed its existence to natural causes; (12) that said ditch had never been repaired by the land owner or owners, and that the lands of the district were amply and completely drained; (13, 14) that a portion of said district was within the corporate limits of the city of Mattoon, and that the ditch located in that part of the district was constructed and improved by said city and was under its jurisdiction and control; (19) that the petition for the organization of the district was not filed in the offices of the town clerks of Mattoon and Lafayette townships until after the commissioners met for the purpose of organizing said drainage district,—to which replications the appellants filed rejoinders. A trial before a jury resulted in a general verdict in favor of the appellee. The jury, under the directions of the court, also returned special findings, and the court, having overruled a motion for a new trial, rendered judgment on the verdict in favor of the appellee and of ouster against said drainage district, and the appellants have brought the record to this court for further review.

JAMES W. & EDWARD C. CRAIG, for appellants.

JOHN F. VOIGT, Jr., (ANDREWS & VAUSE, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended by the appellants that the information is not sufficient to support the judgment rendered in this case. The sufficiency of the information was not challenged in the trial court by demurrer or otherwise, and the proceeding, under our practice, being in the nature of a civil remedy and governed by the same rules of pleading as are other civil cases, the information being subject to amendment, we are of the opinion the information was sufficient, especially after verdict. (*Hinze v. People*, 92 Ill. 406; *People v. Boyd*, 132 id. 60; *Independent Medical College v. People*, 182 id. 274.) The same may be said of the contention that the information was filed without leave of court. The information is in the name of the State's attorney, is signed by him in his official capacity, and the interests involved are public in their character. The appellants entered their appearance and pleaded to the information without objection. Had the appellants desired to contend that the information was filed without leave of court, by motion to dismiss, or otherwise, they should have raised that question in the trial court in apt time. Having voluntarily entered their appearance and pleaded to the merits, it was too late thereafter to raise the question that the information was filed without leave of court. *McGahan v. People*, 191 Ill. 493.

It is further contended that the court erred in refusing to instruct the jury that the findings of the appellants, as drainage commissioners, of the jurisdictional facts which were incorporated in the order organizing the district and recorded in the drainage record were conclusive upon the appellee unless impeached for fraud. At the instance of the appellants the court gave to the jury the following instruction: "The court instructs the jury that the findings of the defendants * * * are *prima facie* evidence of the facts therein found by them." In a *quo warranto* proceeding the defendant must either disclaim or justify, and if he justify he must particularly set

out his title. (*Place* v. *People*, 192 Ill. 160.) As appellants were required to plead their title they must prove it. To prove their title the court permitted them to introduce in evidence the drainage record showing the organization of the district. In other words, the court permitted the appellants to justify by introducing the record of their own proceedings as drainage commissioners, and then, at the request of the appellants, instructed the jury such findings were *prima facie* evidence of the facts therein found by them. The appellants now complain that the court did not instruct the jury that the findings of the appellants as drainage commissioners were conclusive unless impeached for fraud. The appellants cannot induce the court to instruct the jury that their findings are *prima facie* evidence of the facts which they have found, and then have the case reversed because the court did not instruct the jury that such findings are conclusive unless impeached for fraud.

The jury specially found that the petition for the organization of the drainage district was not filed in the office of the town clerk of either Mattoon or Lafayette township until after the first meeting of the drainage commissioners. The statute provides, "the petition shall be presented to the town clerk, who shall file the same in his office," and within five days shall notify the commissioners of highways of its receipt. The statute also provides for notice to the land owners indicated in the petition. The evidence shows that the petition was made out and signed in triplicate by the land owners, two in number; that the town clerks and commissioners of highways of the towns of Mattoon and Lafayette met, by appointment, on October 3, 1901, at the office of the attorneys who represented the petitioners; that the petition was filed by the town clerks; that notice of its receipt was then given to the commissioners; that the six commissioners immediately appointed three of their number to act as drainage commissioners; that the commis-

sioners thus appointed immediately held a meeting, at which the preliminary order for the organization of the district, which had before that time been prepared and was awaiting signature, was signed, whereupon they separated; that the petition was left in the attorney's office, where it remained until the 12th day of October, 1901, at the time the order organizing the district was entered, after which one copy was taken possession of by the drainage commissioners and one by each of the town clerks, and taken to their respective offices, where they afterwards remained. The statute provides, in express terms, that the petition shall be presented to the town clerk, who shall file the same "in his office." Is the filing of the same in the office of the attorney who is representing the petitioners in the organization of the district a compliance with the statute, and sufficient? We think not. "The mere delivery of a paper to the clerk at a place other than the office where it is required to be filed is not sufficient, even though the clerk mark the proper endorsements upon it." (8 Ency. of Pl. & Pr. 924.) The direction that the petition shall be filed, not with the town clerk, but "in his office," imports that it shall be placed in the town clerk's office, so that it may be examined by persons interested in the contents thereof.

The territory sought to be included in the district is in part situated in the city of Mattoon and is included within one of the drainage districts of said city. The city, prior to the attempted organization of this drainage district, had expended a large sum of money in straightening and deepening Kickapoo creek, which runs through the said proposed district, and which is the ditch and its branches which it is claimed has been voluntarily constructed by the land owners of said district. The jury found it had not been so voluntarily constructed but was a natural water-course, which furnished ample drainage to the territory of said proposed district, and the court instructed the jury that the city of Mattoon having as-

sumed jurisdiction over said creek within its corporate limits and improved it for an outlet for its sewerage, the proposed drainage district could not appropriate said outlet. This holding would seem to be correct, as two municipalities cannot exercise jurisdiction over the same territory for the same purpose at the same time without conflict, any more than two bodies can occupy the same space at the same time. The city having assumed jurisdiction over that part of the creek or ditch within its corporate limits, that jurisdiction must, for the use to which it has been put by the city, be exclusive. If parties who have the right to have the water falling upon their land flow off through said creek or ditch desire increased drainage facilities, they must find other facilities than those afforded them by the amendment to the statute heretofore referred to, as that amendment was not designed to bring into a drainage district organized thereunder, the ditches and outlets of cities and villages which have been constructed and improved by special assessment, and which are in use by such cities and villages for the proper drainage of the territory located within their corporate limits. A ditch and its branches made by special assessment cannot be said to have been voluntarily made.

The appellants complain that the court misdirected the jury and failed to properly direct them in many particulars. The court gave fifteen instructions on behalf of appellants, slightly modified two more which were given, and refused thirty-four, making in all fifty-one instructions which were presented to the court in this case by the appellants, as well as thirteen on behalf of the appellee. The practice of submitting to the court so large a number of instructions has been repeatedly condemned by this court. Suffice it to say, we have examined the instructions given and refused and find no reversible error in the action of the court in passing upon the instructions.

The judgment will therefore be affirmed.

*Judgment affirmed.*