THE MERKLE DRAINAGE DISTRICT, Defendant in Error,
*vs.* MARY E. HATHAWAY *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1913.*

1. DRAINAGE—*when the description of land is not uncertain.*
Under the rule that where a deed describes a tract of land as so
many acres in a certain corner of a specified section it will be
taken to embrace the given number of acres in the form of a square
in the corner of the section designated, descriptions of land in a
petition to organize a drainage district, as "the south-west 25 acres
of S. E. ¼ S. W. ¼" and "S. W. ¼ S. W. ¼ except N. W. 10
acres," are not void for uncertainty.

2. SAME—*failure to give notice as required by statute is un-
important if all owners were present.* Failure to give the notice
of the hearing on a drainage petition in the manner required by
the statute is unimportant if the record shows that all land own-
ers of the proposed district were either present in person at the
hearing or were represented.

3. SAME—*when order finding that petition is properly signed
is not supported.* An order of the county court finding, "from an
affidavit now on file," that the petition is signed by one-third of
the adult owners of land owning "the major portion of the lands
in said proposed district," is not supported where the affidavit re-
ferred to does not state they own the major portion of the lands
but "more than one-third of the land in said district."

4. SAME—*when affidavit does not give county court jurisdic-
tion.* An affidavit which states that the petition for the proposed
drainage district is signed by "more than one-third of the adult
owners of land in said district and that said signers are the own-
ers of more than one-third of the land in said district," does not
comply with section 2 of the Levee act, which requires that one-
third of the adult owners must own a major portion of the land,
and as the affidavit is insufficient to give the county court juris-
diction the petition should be dismissed.

5. SAME—*organization of drainage district is a statutory pro-
ceeding.* The organization of a drainage district is a statutory
proceeding, and every essential step required by the statute must
be taken and must affirmatively appear of record in order to give
the court jurisdiction to organize the district.

6. SAME—*when county court loses jurisdiction.* Under sec-
tion 13 of the Levee act a drainage district cannot be finally or-
ganized until after the hearing of the report of the commissioners

in pursuance of an order of the court continuing the cause for that purpose to a day certain, and hence if the county court enters an order purporting to finally organize the district after appointing the commissioners and makes no order for a continuance to a day certain to hear the report of the commissioners, it loses jurisdiction of the cause and its subsequent orders are not binding.

WRIT OF ERROR to the County Court of Edgar county; the Hon. DANIEL V. DAYTON, Judge, presiding.

JAMES W. & EDWARD C. CRAIG, for plaintiffs in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out to review the order of the county court of Edgar county organizing a drainage district under the Levee act. The defendant in error has filed no brief or argument. Plaintiffs in error rely upon the facts shown upon the face of the record for reversal.

The petition for the organization of the drainage district under the Levee act was filed in the office of the clerk of the county court of Edgar county June 17, 1912. It is claimed that the petition is insufficient because of the descriptions of a number of parcels of land contained in the district. Two of these descriptions will serve as an illustration of the point sought to be made, being "the southwest 25 acres of S.E. ¼ S.W. ¼," and "S.W. ¼ S.W. ¼ except N.W. 10 acres." It is insisted that it is not possible to locate these tracts, the point being, that the exact location of the 25 acres mentioned in the first tract and the 10 acres mentioned in the second tract cannot be ascertained. In an early case it was held that where a deed for land describes the tract as so many acres in a certain corner of the section it is not void for uncertainty but will be taken to embrace the given number of acres, in the form of a square, in the corner of the section designated, (*Bybee* v. *Hageman,* 66 Ill. 519,) and this holding has been followed in the later

case of *Richey* v. *Sinclair*, 167 Ill. 184. From these cases it will be seen that the petition is not open to this objection.

It is disclosed by the record that the second day of July, 1912, was fixed as the time for the hearing on the petition, and also that the notice of this hearing was not given in the manner required by the statute, but as the record further discloses that all of the land owners in the proposed district were either present in person at the hearing or represented, that objection becomes unimportant.

It appears from the record that upon the hearing on July 2, 1912, three of the petitioners filed an affidavit, in which, among other things, they stated that they believed "that said petition is signed by more than one-third of the adult owners of land in said district and that said signers are the owners of more than one-third of the land in said district." The order of the court, after reciting the prayer of the petition, finds "from an affidavit now on file, signed by three of the adult land owners who were signers of said petition, that said petition is signed by one-third of the adult owners of land in said proposed district who own the major portion of the lands in said proposed district." The finding of the court was a proper one if supported by proof and is the finding required by the statute. The proof made, however, does not support this finding, as the affidavit recited that the signers constituting one-third of the adult owners were the owners of one-third, instead of a major portion, of the land.

After reciting the notice given of the hearing, and which, as has been stated, is not in conformity with the provisions of the statute, the order declared the district organized as prayed for, to embrace the lands described in the petition, appointed three commissioners, and directed that said district be known as the Merkle Drainage District. There was no continuance of the cause, as prescribed by the statute, for a hearing on the report of the commissioners, but the matter was there concluded as though the dis-

trict was finally organized. Thereafter, on July 27, the commissioners, having theretofore taken their oaths, filed their report, in which they recommended that certain work be done and that the drainage district be organized embracing the lands described in the petition. No additional lands were recommended by the commissioners to be added to the proposed district. Upon the filing of this report the court set the same for hearing on August 21, 1912, and the commissioners caused a notice to be given of the time, place and object of the hearing, by posting the same at the front door of the court house and in ten of the most public places in the proposed district, and by causing the same to be published for one week in the *Paris Daily News,* beginning July 29, 1912. Plaintiffs in error paid no further attention to the proceedings after the order of the court purporting to organize the district on July 2, 1912. Upon the hearing, August 21, the court found that the report of the commissioners should be modified by adding certain other lands, and continued the hearing until August 24. On the latter date the court entered an order again organizing the district to embrace the lands described in the original petition and also the lands which were found should be added to the district. When the commissioners, in pursuance of these orders, attempted to obtain the rights of way for the work planned to be done and to make assessments against the lands of plaintiffs in error, the latter sued out this writ of error to review the order of the court and seek to have the same reversed.

The affidavit of the three petitioners which is referred to in the order of the court did not give the court jurisdiction to entertain the petition. Section 2 of the Levee act provides that the petition must be signed by a majority of the adult land owners who represent at least one-third, in area, of the lands proposed to be affected, or by one-third of the adult owners who represent a major portion of the lands, in area. By this affidavit it appears that this petition

was signed by one-third of the adult land owners who own one-third, in area, of the lands affected, and as this is the proof upon which the order was based, the proof was insufficient, and the petition, upon the hearing, should have been dismissed.

Section 13 of the Levee act provides that after the appointment of the commissioners the cause shall be continued by the court to a date for the filing of their report, and in the event the said commissioners are not ready to report on the day fixed, they may appear before the court and obtain a continuance or continuances until the report is ready to be filed, but such continuance or continuances shall in such instance be to a day certain, and all persons interested shall take notice of any such continuance or continuances. The district cannot be finally organized until after the hearing on the report of the commissioners, and, as is seen by the section of the statute referred to, the court is required to continue the cause to a day certain for the hearing on this report by entering an order on the hearing on the petition, and by failing to fix a day for the hearing on the report of the commissioners the court lost jurisdiction to proceed further, and no one was bound by the action of the court in entering its order on July 2 or in entering the subsequent order organizing the district. The organization of a drainage district is a statutory proceeding, and every essential step required by statute is necessary to the jurisdiction of the court organizing such district and must appear affirmatively of record. *Aldridge* v. *Clear Creek Drainage District,* 253 Ill. 251.

For the errors indicated the order of the court organizing the district is reversed and the cause is remanded.

*Reversed and remanded.*