(No. 18831.—

THE SOLDIER CREEK DRAINAGE AND SANITARY DISTRICT, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.* Appellants.

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

HUNTER & MINOR, and JOHN H. BECKERS, for appellants.

LUTHER B. BRATTON, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kankakee county declaring the Soldier Creek Drainage and Sanitary District duly organized according to law.

On April 27, 1927, a petition was filed in the county court of Kankakee county proposing to organize a drainage and sanitary district. The petitioners represented that they constituted one-third of the owners of the land who had arrived at lawful age and who represented a majority portion, in area, of the lands to be reclaimed, benefited and rendered more habitable, tillable, healthful and sanitary by the proposed work; that there was to be a main drain, with tile-drain laterals across petitioners' lands and across the lands of others, for agricultural and sanitary purposes, and that the same was to be maintained and kept in repair by special assessment upon the property benefited. After hearing on a motion to dismiss the petition for want of jurisdiction, which was overruled, and after a hearing on objections to the petition, the court overruled all objections to the petition, and found that it contained the signatures of and was signed by one-third of the owners of lands in the proposed district of lawful age and representing a majority portion, in area, of the lands proposed to be reclaimed or benefited, and found that the proposed work was necessary and useful for agricultural purposes. Commissioners were appointed, who reported, among other things, that they had examined the lands proposed to be drained and improved; that said work could be done at a cost not exceeding the benefits, and that they had had surveys, plans and specifications made by a competent engineer, which they submitted to the court; that all the lands embraced within the proposed district would be benefited by the proposed work. There were other findings and recommendations not neces-

sary to be noticed here. Objections were filed to the report, and after a hearing upon the same the court suggested certain modifications and ordered the commissioners to present an amended report, which they did, and after hearing objections thereto the court overruled all objections and approved the report and entered the order appealed from.

The lands in the district consist of farm lands in Kankakee county and a part of the city of Kankakee. What is known as Soldier creek is a natural waterway which flows through the northwestern part of the city of Kankakee and over and across farm lands to the east thereof. The amended report of the commissioners provided that the starting point of the main drain should begin at the present outlet of Soldier creek, where the same now flows into the Kankakee river, and its route should follow, in a general way, the route of Soldier creek; that the channel of the creek should be deepened and widened wherever necessary; that the main ditch should not be covered except where necessary, and that it would not be required to be covered except that portion from thirty feet west of North Entrance avenue, from the east line of West avenue and from the west line of Sycamore street, in Kankakee; that all of the work should be so constructed and devised as to not make any of the sewers in the city of Kankakee a part of the proposed system.

One of the objections to the order of confirmation is that the city of Kankakee has exclusive jurisdiction over a portion of the territory included in the district for drainage and sanitary purposes. The evidence received on the hearing shows that a portion of the land in the city of Kankakee included in the district will not be benefited. About twenty years ago the city constructed a large sanitary sewer in Soldier creek, with over twenty lateral connections therewith. Part of the cost thereof was paid by general taxation and a part by special assessment. Numerous storm sewers have also been built by the city, having their outlet in Sol-

dier creek. While where a city or village has not organized
territory within its limits into a drainage district and as-
sumed any jurisdiction over it for drainage purposes its in-
clusion in a district organized under the Farm Drainage act
or Levee act would not be devoting it by another corpora-
tion to the same purpose for which the city or village was
incorporated, (*People* v. *Nibbe,* 150 Ill. 269; *City of Joliet*
v. *Drainage District,* 222 id. 441; *People* v. *Crews,* 245 id.
318;) yet where a city has assumed jurisdiction of a creek
or ditch within its corporate limits and improved the same
for drainage and sewerage purposes that portion of the
creek or ditch cannot be included in another drainage dis-
trict except an outlet district, as two municipalities cannot
exercise jurisdiction over the same territory for the same
purpose at the same time without conflict any more than
two bodies can occupy the same space. at the same time.
(*Bishop* v. *People,* 200 Ill. 33.) The plan adopted for
the district provides for straightening the turns and bends
in Soldier creek, and that where the work will not be lo-
cated in the old channel but at the side thereof the dirt
excavated therefrom shall be deposited in the bed of the
old creek, into which the storm sewers empty, thereby
depriving them of any outlet. The evidence also shows
that the city sanitary sewers, where they cross Soldier
creek in the line of the proposed improvement, will have
to be siphoned, and that their free use by the city will
be thereby lessened. There is no provision in the plan
of the drainage district for connecting the storm sewers
of the city with the proposed drain, neither is there any
provision for connecting the city sanitary sewers therewith.
The city of Kankakee having assumed jurisdiction of Sol-
dier creek within its corporate limits and improved the same
for drainage and sewerage purposes, that portion of the
creek or ditch over which the city had assumed jurisdiction
could not be included in the proposed drainage district.

It is contended by appellants that the final order is void, in that it does not find the jurisdictional facts required by the statute. In this case, when the petition was filed the proposed district consisted of 817 acres. On the final hearing the court changed the boundaries of the district and reduced the area within the district to 700 acres, eliminating over twenty city blocks. While the final order entered was in accordance with the form provided by the statute to be substantially used, where the boundaries of a district have been changed by final order from those described in the petition the form must be modified so as to show the jurisdictional facts in conformity with the changed territorial limits. This order failed to comply with this requirement. The main purpose of the Levee act is to permit the organization of a drainage district on the petition of a majority of the owners of land within the district proposed to be organized who represent one-third, in area, of such lands, or one-third of such owners representing a majority portion, in area, of the lands. The boundaries of the district may be changed in accordance with the provisions of section 12 by including lands not mentioned in the original petition which will be benefited or excluding lands mentioned which will not be benefited, provided such alteration of boundaries shall not have the effect of so far enlarging or contracting the proposed district that the petitioners will no longer constitute a majority of the adult land owners representing one-third, in area, of the land in the district, or the remaining petitioners do not constitute one-third of the owners of land in the district representing a majority portion, in area, of the lands.

Other questions are raised by appellants which we do not deem necessary to here discuss.

The judgment of the county court of Kankakee county is reversed and the cause remanded.

*Reversed and remanded.*