(No. 20515.—

THE VILLAGE OF MOUNT PROSPECT, Appellant, *vs.* HENRY C. REESE *et al.* Appellees.

*Opinion filed December 18, 1930.*

H. J. THAL, for appellant.

O. S. HANSEN, for appellee Sub-District No. 1 of Fee-hanville Drainage District; E. J. HOLLAND, and GEORGE P. LATCHFORD, JR., for other appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by the village of Mount Prospect from an order of the county court of Cook county sustaining certain legal objections and dismissing appellant's petition for the assessment of the cost of a connected system of sewers and appurtenances in the village and for the condemnation of an easement over a strip of land necessary to be acquired in connection with the construction of the improvement, filed under the provisions of the Local Improvement act. The petition, together with certified copies of the recommendation of the board of local improvements, estimate of cost, exclusive of land to be acquired, made by the president of the board of local improvements, and the ordinance, all made a part of the petition, described the proposed sewer system in detail and also described the private property

sought to be condemned. The owner of the property across which such easement was sought to be condemned, and certain other owners of property sought to be assessed for the cost of the improvement, filed fifteen specific objections, but of these only three were urged upon the hearing, namely, the ninth, tenth and eleventh, which are as follows:

"9. The petitioner has no jurisdiction over the subject matter and cannot construct the proposed improvement by special assessment in the territory in which it is proposed to build, for the reason that another municipal corporation, to-wit, Feehanville, is already exercising jurisdiction over the said territory for the same purpose as contemplated under the proposed improvement ordinance by the village of Mount Prospect; that the improvement proposed under the ordinance is already being constructed by another municipal corporation, to-wit, Feehanville Drainage District.

"10. The ordinance is void for the reason that the property sought to be taken for the construction of the proposed improvement described in the ordinance has already been taken by another municipal corporation and is being devoted to public use, and said property cannot be taken by another municipal corporation by condemnation proceedings.

"11. The property sought to be taken is already being devoted to the same use for which the petitioner seeks to acquire the property."

On the hearing appellant made *prima facie* proof of its case by offering the usual evidence for such purpose, and appellees in support of their ninth, tenth and eleventh objections, offered in evidence the following documents, which were admitted over the objection of petitioner's counsel: Petition for the organization of Sub-district No. 1 of Feehanville Drainage District; commissioners' special report *in re* organization of Sub-district No. 1 of Feehanville Drainage District; commissioners' roll of assessment of benefits and damages of Sub-district No. 1; purported verdict of jury, dated December 3, 1929, purporting to assess

benefits against the property described in the roll, with certain exceptions; judgment and order of court confirming assessment roll in Sub-district No. 1 of Feehanville Drainage District; plat of improvement proposed to be constructed by the village under the ordinance and proceedings on trial; contract between Sub-district No. 1 of Feehanville Drainage District and Kruse Construction Company, with contractor's bond, specifications and plat of improvement attached, providing for the construction by the contractor of the improvement contemplated to be made by Sub-district No. 1; agreement for right of way between Henry C. Reese and the Feehanville Drainage District, dated June 3, 1929, purporting to grant to the Feehanville Drainage District the right or easement to construct a sixty-inch concrete conduit on the property here sought to be condemned; and also an order of the county court of Cook county entered September 25, 1929, establishing Sub-district No. 1 of Feehanville Drainage District.

From these documents it appears that prior to the passage of the ordinance by the village of Mount Prospect for the construction of said system of sewers, proceedings had been had in the county court of Cook county for the organization of Sub-district No. 1 of Feehanville Drainage District, to which proceedings, however, the village of Mount Prospect was not a party; that all the territory within the sub-district is located within the boundaries of the village; that practically the entire portion of such territory is subdivided into lots, blocks and public streets; that the sub-district proposed to construct an improvement designated as "drains" in the commissioners' report and as "sewers" in the engineer's estimate and in the plat or plan of the work attached to the commissioners' report, and which proposed improvement was to be constructed of vitrified tile-pipe and re-enforced concrete pipe of bell-and-spigot type, with cemented joints, catch-basins and manholes. It was also to include vitrified-tile house connections to be constructed

in front of each lot and parcel of land. The total construction required about four and one-half miles of tile, all of which, with the exception of about 1000 feet, was to be placed in the public streets of the village and in front of the subdivided territory in the sub-district, and on February 3, 1930, the sub-district entered into a contract with a construction company for the construction of the improvement. From the testimony of P. M. Kruse, president of the construction company, it appears that no work had been done under such contract up to the time of the hearing, May 22, 1930, except that the contractor had shipped about 400 feet of pipe into the village of Mount Prospect and at one time started to move a machine to the job. The contractor's reason for not having done any work under the contract was that his machine had become stuck in the mud, and that he had received a letter from the president of the village of Mount Prospect advising him that he could not do any work in the public streets of the village without a permit. From the testimony of A. W. Consoer, a member of the engineering firm representing both the petitioner and Sub-district No. 1 of Feehanville Drainage District, and from the various plats and specifications in evidence, it appears that the improvement as proposed to be constructed by the village of Mount Prospect and the improvement as proposed to be constructed by Sub-district No. 1 of Feehanville Drainage District are to be constructed of the same material and under similar plans and specifications. In the ordinance passed by the village the improvement was designated as a connected system of storm-water sewers and appurtenances. The evidence also shows that in the main the two improvements were for the same purpose; that the only difference between the two proceedings was that in the proceeding under the Feehanville Sub-district No. 1 the assessment roll did not include all of the property included in the village improvement roll, and that the property of the objectors was assessed in both

proceedings for the same improvement, the limits of the two districts not exactly coinciding.

It is contended by appellant that the petition for the organization of the sub-district, the commissioners' report and the order establishing the sub-district, upon their face disclosed that the county court of Cook county had no jurisdiction to enter the order purporting to establish the sub-district, and that therefore all the acts done and proceedings had by the district relating to the construction of its proposed improvement described in the proceedings were void and of no effect, and that in the organization of a drainage district at the instance of property owners under section 59 of the Levee act, the application to the commissioners of the main district must be signed by a majority in number of the adult land owners in such proposed sub-district owning in the aggregate more than one-third of the land affected, or by the adult land owners of a major part of the land in such locality who constitute one-third or more of the land affected, and that otherwise the court will have no jurisdiction to enter an order organizing a sub-district.

On September 25, 1929, the county court of Cook county entered an order establishing Sub-district No. 1 of Feehanville Drainage District. At that time there was a valid law in existence under which a drainage sub-district might be lawfully organized, and there was an attempted organization and user of the franchise pertaining to a drainage district. The act of its officers would not constitute a mere usage of power without the authority of any law, but it was an attempt to organize a sub-district which might in law have been organized and an actual user of the corporate franchise. Even though the district was not legally organized it was a *de facto* drainage district, and the legality of the action of the commissioners in organizing it could not be inquired into in this collateral proceeding. (*Smith* v. *Drainage District,* 229 Ill. 155; *Rogne* v. *People,* 224 id. 449; *Carr* v. *People,* id. 160; *People* v. *Dyer,*

205 id. 575.) The legality of the organization of a drainage district can be attacked and brought under judicial review only in a direct proceeding by *quo warranto*. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Polecat Drainage District,* 213 Ill. 83; *Osborn* v. *People,* 103 id. 224.

The power of a city or village to divide its territory into drainage districts is merely incidental to the purpose for which the city or village is organized, and hence if it has not organized its territory into a drainage district and assumed jurisdiction over it for drainage purposes, the inclusion of such territory in a district organized under the Levee act or Farm Drainage act is not an unlawful devotion of it by another corporation to the same purpose for which the city or village was organized. (*Soldier Creek Drainage District* v. *Illinois Central Railroad Co.* 331 Ill. 249; *People* v. *Crews,* 245 id. 318; *City of Joliet* v. *Drainage District,* 222 id. 441.) As two municipalities cannot exercise jurisdiction over the same territory for the same purpose at the same time without conflict, any more than two bodies can occupy the same space at the same time, (*Bishop* v. *People,* 200 Ill. 33; *Soldier Creek Drainage District* v. *Illinois Central Railroad Co. supra;*) where a drainage district has assumed jurisdiction for drainage purposes over a village, or a part thereof, where such village had not theretofore assumed such jurisdiction, the village cannot, after such assumption of jurisdiction by the drainage district, assume jurisdiction over the same territory for the same purpose.

The court did not err in sustaining appellees' objections and dismissing appellant's petition. The judgment of the county court is therefore affirmed.

*Judgment affirmed.*