(No. 20367.—

THE OKAW VALLEY OUTLET DRAINAGE DISTRICT *et al.* Defendants in Error, *vs.* GEORGE SPRINGMAN *et al.* Plaintiffs in Error.

*Opinion filed October 23, 1931.*

CHARLES WHAM, DONALD B. CRAIG, JAMES W. CRAIG, JR., JAMES CRAIG VANMETER, and FRED H. KELLY, for plaintiffs in error.

BROWN & BURNSIDE, for defendants in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

A petition for the organization of an outlet drainage district, to be known as the Okaw Valley Outlet Drainage District, was filed in the county court of Fayette county on November 22, 1919. That court, after a hearing on the report of commissioners, entered an order sustaining certain objections to the report and dismissed the petition. Upon appeal to this court the judgment of the county court was reversed and the cause remanded. (*Sproul* v. *Springman,* 316 Ill. 271.) The cause was re-docketed, further objections urged were overruled, and after hearing by the court an order was entered declaring the district organized. George Springman and other land owners have sued out this writ of error to review the record.

Plaintiffs in error contend that the final order declaring the district organized is void, in that it does not find certain jurisdictional facts required by the statute. There is a finding that "the persons who have signed said petition are of lawful age and that said petition was legally signed by more than one-third of the adult owners of land owning land in said district, and that the signers of said petition represent, in the aggregate, a majority of the acreage of land included within the boundaries of said district; and the court further finds that said drainage district, of the corporate name mentioned in the said petition, namely, the Okaw Valley Drainage District, bounded as follows, [setting out the boundaries, including 58,000 acres of land, all located in Fayette county,] be duly established as provided by law." This finding appears to be in substantial accord with the statutory requirements in so far as the matter of number of signers and acreage owned by them is concerned. (Cahill's Stat. 1929, chap. 42, par. 17.) The argument is, however, that while the original petition prayed for the organization of a district comprising some 70,000 acres of land located in Fayette, Clinton and Bond counties, the district was actually organized under an amended petition and

included only 58,000 acres of land, all in Fayette county; that the court makes no finding as to the "amended" petition; that the order by its terms must be taken to refer not to the amended petition but to the original petition, and that under the authority of *Soldier Creek Drainage District* v. *Illinois Central Railroad Co.* 331 Ill. 249, the finding as to the number of persons signing and the acreage owned by them, as here made, will not support the order organizing the district upon the basis of lands described in the amended petition. It was held in the *Soldier Creek case* that where the boundaries of a district have been changed by final order from those described in the petition the form must be modified so as to show the jurisdictional facts in conformity with the changed territorial limits. In view of the fact that in other portions of the order here questioned reference is made to the amending of the original petition and to the former order dismissing the amended petition (which was the order reviewed by this court in the *Sproul case, supra,*) and that the finding as to signatures and acreage is immediately followed by reference to "said drainage district of the corporate name mentioned in said petition," (the district then described being the area resulting from the amendment made,) we are of the opinion that the findings must be held to have been made in the light of and with reference to the amended petition.

It is further contended that the affidavit attached to the original petition, upon the basis of which it was found that the signers thereof constituted one-third of the adult owners of land owning a major portion of the lands therein described, does not constitute a sufficient basis for finding that the amended petition was duly signed, and that if the finding in the order now under review be held to refer to the amended petition, it is void because it is not based on or supported by any evidence. There is merit in this contention. The county court, in establishing drainage districts, derives its jurisdiction from the statute, alone, and

no presumption arises to support its action in any given particular. Every essential fact necessary to such jurisdiction must appear affirmatively of record, as nothing shall be intended or presumed to be within the jurisdiction. If the court has proceeded without jurisdiction it is unimportant how technically correct and precisely certain in point of form the record may appear. Its judgment is void to every intent and for every purpose. (*Payson* v. *People,* 175 Ill. 267; *Aldridge* v. *Clear Creek Drainage District,* 253 id. 251; *Wayne City Drainage District* v. *Boggs,* 262 id. 338; *Goudy* v. *Mayberry,* 272 id. 54; *Maulding* v. *Skillet Fork Drainage District,* 313 id. 216.) If the conditions prescribed by statute are not met, the court has no power to confer jurisdiction on itself by making a finding purporting to show that they were met. A recital of jurisdictional facts will not, in itself, render a judgment conclusive. (*People* v. *Zoller,* 337 Ill. 362.) We have said elsewhere that the finding of the jurisdictional fact of service of process or publication of notice by the court may be contradicted by other parts of the record, but unless some other part of the record is inconsistent with the finding the finding will be sufficient to sustain the jurisdiction of the court, and that in the absence of a bill of exceptions the finding of the court in regard to such notices will be presumed to be in accordance with the evidence. (*People* v. *Darst,* 285 Ill. 533.) Here there is a bill of exceptions, which must be taken to contain all of the evidence introduced on the trial of the cause. It shows that the attorneys for the district introduced in evidence the report and amended report of the commissioners and rested their case. Nowhere in these reports do there appear findings or statements justifying the conclusion that the petitioners whose land would lie within the contracted district represented the jurisdictional number of land owners owning the requisite amount of land therein. Nowhere else does any evidence on the point appear. Regardless of what might be held as to the

conclusiveness of the recitals in the order were there no bill of exceptions, where there is a bill of exceptions containing all the evidence it must control. (*Grob* v. *Cushman*, 60 Ill. 201; *Soldier Creek Drainage District* v. *Illinois Central Railroad Co.* 323 id. 350; see, also, *Merkle Drainage District* v. *Hathaway*, 260 Ill. 186; *People* v. *Swearingen*, 273 id. 630.) The amendment to the original petition was not signed by any land owners but was made by the attorneys for the district. The amendment was accompanied by no affidavit as to signatures and contains no allegations from which it would necessarily follow that the signers whose lands remained in the contracted district would still constitute one-third of the owners in such district owning a major portion of the lands therein. The circumstances are such that we cannot say that every essential fact necessary to confer jurisdiction affirmatively appears of record, and it follows that the order cannot be upheld.

Plaintiffs in error contend that the evidence submitted by them shows that the proposed plan is not feasible, that the benefits to be derived from the proposed work will not equal the costs, and that the report of the commissioners should therefore have been disapproved. The evidence thus offered by plaintiffs in error was controverted by testimony given in behalf of the district. Inasmuch as the order must be reversed for the reason indicated, we express no opinion as to this issue of fact. *Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 Ill. 398.

The order of the county court is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*